Maxwell v. Woods

─────────────

HAROLD MAXWELL, JR. v. SANDRA E. WOODS, ALIAS SANDRA E. MAXWELL

No. 793SC1166

(Filed 1 July 1980)

**Divorce and Alimony § 29– divorce decree regular on face of record – no collateral attack**

   Where a divorce decree obtained by defendant wife from her former husband on the ground of separation for one year was in all respects regular on the face of the record, the divorce decree was not void but merely voidable even though there was proof that defendant and her former husband had not lived separate and apart for one year as of the time of the divorce; therefore, plaintiff husband had no standing collaterally to attack the divorce decree to as to show that his subsequent marriage to defendant was void *ab initio*.

APPEAL by plaintiff from *DeRamus, Judge.* Judgment entered 24 October 1979 in Superior Court, CRAVEN County. Heard in the Court of Appeals 20 May 1980.

This action for declaratory judgment brought by plaintiff against his wife sought to establish that a decree of divorce between his wife and her former husband was void and that, therefore, plaintiff's subsequent marriage to defendant was void *ab initio*. Plaintiff also sought to have himself declared fee simple owner of a piece of property which he conveyed to himself and defendant as tenants by the entirety.

Defendant was married to William J. Woods on 6 October 1962. On 19 May 1969, defendant obtained a decree of absolute divorce from Woods by judgment of the District Court for Carteret County on the ground of one year's separation. The record of the divorce, including the complaint, summons, issues and judgment of divorce is regular on its face. Jurisdiction was based on personal service. Approximately five months and one week after the entry of the judgment for absolute divorce, a male child was born to defendant. According to the parties, William J. Woods was the father of the child born to defendant.

Plaintiff and defendant were married on or about 15 March 1974. Sometime thereafter, plaintiff transferred a piece of property to himself and defendant as tenants by the entirety. Plaintiff had purchased the property on 1 March 1974 and executed a note and deed of trust to secure the purchase.

The trial court concluded that plaintiff had no standing to attack collaterally the prior adjudication of divorce between defendant and Woods. Plaintiff appeals.

*Dunn and Dunn, by Raymond E. Dunn, Jr., for plaintiff appellant.*

*Henderson and Baxter, by David S. Henderson, for defendant appellee.*

VAUGHN, Judge.

This case is controlled by the case of *Carpenter v. Carpenter*, 244 N.C. 286, 93 S.E. 2d 617 (1956). The trial court found that the judgment role in the Carteret divorce action was in all respects regular on its face. Plaintiff does not contend otherwise. In

*Carpenter*, our Supreme Court held that, "[a]s against challenge on the ground of false swearing, by way of pleading and of evidence, *relating to the cause or ground for divorce*, a divorce decree, in all respects regular on the face of the judgment roll, is at most voidable, not void." *Id.* at 295, 93 S.E. 2d at 625-26 (emphasis original). Even though there is proof that defendant and Woods had not lived separate and apart for one year as of the time of their divorce, the divorce judgment is not void but merely voidable. *See also Stokely v. Stokely*, 30 N.C. App. 351, 227 S.E. 2d 131 (1976).

Plaintiff does not have standing to attack collaterally the divorce decree between defendant and Woods because he is a stranger to the decree who is not prejudiced as to some pre-existing right by the decree. As stated in *Carpenter,*

> When, in such case, a second spouse can rely upon the divorce decree, we think the sounder view is to require him to do so rather than permit him to attack it at his election, depending on the fortunes or misfortunes of the marriage. We must be mindful of his status where he chooses to maintain the validity of the divorce decree rather than to attack it. It would seem that if this plaintiff has a just grievance, such arises, not on account of the divorce decree and his marriage, but on account of matters arising during the subsistence of such marriage.

*Id.* at 298, 93 S.E. 2d at 628; *see also* 1 Lee, N.C. Family Law § 92 (4th ed. 1979).

Since the marriage of plaintiff and defendant is not void on the grounds at issue in this appeal, we need not consider plaintiff's claim that he be declared the sole owner of the real estate transferred by him to himself and defendant as tenants by the entirety.

Affirmed.

Judges PARKER and HEDRICK concur.