Heiser v. Heiser

For the reasons stated, there must be a

New trial.

Judges ARNOLD and HILL concur.

---

ROBERT HEISER v. RUBY PLESS HEISER

No. 8328DC1269

(Filed 6 November 1984)

**Divorce and Alimony § 29— divorce judgment regular on its face—standing of third party to attack**

Plaintiff's action for annulment based on allegations that defendant's divorce from her husband was fraudulently obtained was properly dismissed where plaintiff did not contend and the record did not indicate that the divorce judgment on its face was irregular in any respect. Plaintiff therefore lacked standing to collaterally attack the judgment.

APPEAL by plaintiff from *Fowler, Judge.* Judgment entered 25 October 1983 in District Court, BUNCOMBE County. Heard in the Court of Appeals 24 September 1984.

Plaintiff-husband appeals from a judgment dismissing his action for annulment of his marriage to defendant-wife.

*Holt, Haire & Bridgers, P.A., by Ben Oshel Bridgers, for plaintiff appellant.*

*Riddle, Shackelford & Hyler, P.A., by John E. Shackelford, for defendant appellee.*

WHICHARD, Judge.

I.

The complaint prays that plaintiff-husband be granted an annulment of his "purported marriage" to defendant-wife on the following grounds: Plaintiff-husband and defendant-wife entered

---

into a ceremony of marriage on 12 July 1974. Plaintiff-husband entered the marriage in good faith and without notice or knowledge that defendant-wife had obtained a fraudulent divorce from her prior husband. Defendant-wife obtained the prior divorce by fraud in that she represented that her then husband resided in Buncombe County, the venue of that action, when in fact to her knowledge he resided in Haywood County. The Buncombe County court relied upon defendant-wife's false representation and was induced to assert jurisdiction over her then husband upon service by publication, when in fact the court could not obtain service by publication under the true facts and circumstances. Defendant-wife thus was still married to her prior husband when she purported to marry plaintiff-husband. Plaintiff-husband therefore is entitled to an annulment of the purported marriage under G.S. 51-3, which provides that a marriage between persons either of whom has a husband or wife living at the time is void.

Defendant-wife pled as a defense that "[t]his is an action to set aside a divorce and is not brought by the parties to said divorce and, therefore, does not state a claim upon which relief should be granted and should be dismissed. . . ." The trial court found that "the divorce judgment entered [in defendant-wife's Buncombe County action against her prior husband] . . . is in all aspects *regular on its face*; that this is an action brought not by the parties to said . . . action and that therefore this case should be dismissed. . . ."

From a judgment dismissing the claim, plaintiff-husband appeals.

II.

Plaintiff-husband did not except to the finding that the divorce judgment in defendant-wife's prior action against her former husband was in all respects regular on its face. He does not contend nor does the record indicate that the judgment on its face was irregular in any respect. He thus "does not have standing to attack collaterally the divorce decree . . . because he is a stranger to [it] who is not prejudiced as to some pre-existing right by [it]." *Maxwell v. Woods*, 47 N.C. App. 495, 497, 267 S.E. 2d 516, 517, *disc. rev. denied*, 301 N.C. 236, 283 S.E. 2d 132 (1980). *See also Carpenter v. Carpenter*, 244 N.C. 286, 93 S.E. 2d 617 (1956) (since plaintiff-husband can rely upon the prior divorce decree,

sounder view is to require him to do so rather than permit him to attack it at his election, depending on the fortunes or misfortunes of the marriage); 46 Am. Jur. 2d, Judgments § 663, p. 819 ("a collateral attack may not be made upon a judgment where the absence of jurisdiction does not appear upon the record"); 1 Lee, North Carolina Family Law § 92 (4th ed. 1979).

Pursuant to the foregoing authorities the trial court ruled correctly; the judgment accordingly is

Affirmed.

Chief Judge VAUGHN and Judge JOHNSON concur.