CHARLES WALTER STOKLEY, PLAINTIFF v. MARY ELIZABETH
          BRAY STOKLEY, DEFENDANT

MARY ELIZABETH BRAY STOKLEY, PETITIONER v. LENNIE L.
    HUGHES, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF
    CHARLES WALTER STOKLEY, RESPONDENT, AND NANCY M. JER-
    NIGAN, RESPONDENT

No. 751DC1023

(Filed 4 August 1976)

1. Rules of Civil Procedure § 60; Judgments § 17— divorce obtained by
    perjury — judgment not void
        A divorce obtained by perjury relating to the separation of the
    parties is not void within the purview of G.S. 1A-1, Rule 60(b)(4),
    but is at most only voidable.

2. Rules of Civil Procedure § 60; Judgments § 27— divorce obtained by
    perjury — no fraud upon the court — motion to set aside — statute of
    limitations
        A divorce obtained by perjured testimony did not constitute a
    "fraud upon the court" within the meaning of G.S. 1A-1, Rule
    60(b)(6), where defendant was personally served with process and
    thus had the opportunity of fully participating in the case, and the
    one-year statute of limitations of G.S. 1A-1, Rule 60(b)(3), was
    applicable to a motion to set aside the divorce for fraud.

3. Judgments § 27— extrinsic and intrinsic fraud
        The judgment of a court having jurisdiction over persons and
    subject matter can be attacked in equity after the time of appeal or
    other direct attack has expired only if the alleged fraud is extrinsic
    rather than intrinsic; fraud is extrinsic when it deprives the un-
    successful party of an opportunity to present his case to the court.

APPEAL by petitioner from *Chaffin, Judge.* Judgment en-
tered 13 August 1975 in District Court, CAMDEN County. Heard
in the Court of Appeals 6 April 1976.

Petitioner, Mary Elizabeth Bray Stokley, appellant, brought
an action, through a motion in the cause, to vacate, declare void
and set aside a divorce judgment entered 17 February 1965 in
Recorders Court, Edgecombe County.

Charles Stokley and Mary Stokley were married on 20
January 1940. On 31 July 1964 a divorce complaint on the
grounds of two years' separation, naming Charles Stokley as
plaintiff and Mary Stokley as defendant, was filed in Record-
ers Court, Edgecombe County. Summons was issued on 7 August
1964 and served on Mary Stokley on 10 August 1964, in Pas-

quotank County. No answer or other pleading was filed by Mary Stokley. On February 17, 1965, a judgment of absolute divorce was entered in Edgecombe County.

Charles Stokley died intestate on 4 November 1972. Mary Stokley qualified and was issued letters of administration by the Clerk of Superior Court, Camden County on 22 November 1972. Thereafter on 15 June 1973, Nancy Mae Jernigan, sister of Charles Stokley, and respondent herein, petitioned the court for removal of Mary Stokley as administratrix, citing the grounds therefor to be the 1965 divorce decree. An order to that effect was entered whereupon an administrator de bonis non was appointed on 22 February 1974.

On 10 June 1974 Mary Stokley filed a motion in District Court, Edgecombe County, pursuant to Rule 60(b)(3), (4), and (6) of the North Carolina Rules of Civil Procedure to vacate, declare void and set aside the 1965 divorce judgment. Petitioner alleged in part:

a. That plaintiff and defendant did not, in fact, live separate and apart from each other for a period of two years next preceding the institution of the divorce action.

b. That prior to and at the time of trial plaintiff and defendant were, in fact, living together in Elizabeth City, North Carolina.

c. That before, during, and after the trial of the divorce action plaintiff and defendant were living together as husband and wife and continued to live together as husband and wife until plaintiff's death on November 4, 1972.

d. That defendant was without knowledge or notice of the trial of this action and that notice of the trial and judgment were fraudulently concealed from her until 18 June 1973.

e. That such conduct was a fraud upon the court, which fraud precluded the court's obtaining jurisdiction to enter final judgment, thereby voiding said judgment.

On 5 August 1974 the action was transferred from Edgecombe County to Camden County by consent of the parties.

The matter came on for hearing, without the intervention of a jury, in District Court, Camden County, North Carolina on

12 August 1975 at which time the court granted respondent's plea in bar to the petitioner's motion in the cause.

The petitioner appealed to the Court of Appeals.

*Jennette, Morrison & Austin, by C. Glenn Austin; Twiford, Abbott, Seawell, Trimpi & Thompson, by C. Everett Thompson, for petitioner.*

*White, Hall, Mullen & Brumsey, by John H. Hall, Jr., for respondent Nancy M. Jernigan.*

MARTIN, Judge.

The motion in the cause was made pursuant to Rule 60(b)(3), (4), and (6), Rules of Civil Procedure. The rule in pertinent part reads as follows:

"(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(6) Any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this section does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules or by an independent action."

[1] Appellant has conceded that an action grounded on Rule 60(b)(3) must be brought within one year. Thus, we consider the second ground upon which appellant relies, to wit, Rule 60(b)(4), "The judgment is void."

The court found that the judgment roll in the Edgecombe County divorce action was in all respects regular on its face. No exception was made to this finding of fact. In *Carpenter v. Carpenter*, 244 N.C. 286, 295, 93 S.E. 2d 617, 625-626 (1956), Justice Bobbitt (later Chief Justice) speaking for the Court, said, " . . . As against challenge on the ground of false swearing, by way of pleading and of evidence, *relating to the cause* or *ground for divorce,* a divorce decree, in all respects regular on the face of the judgment roll, is at most *voidable,* not void."

[2] The crucial question remaining is whether the matters alleged in appellant's motion, if taken as true, amount to "a fraud upon the court."

The motion is devoid of any allegation that appellant was prevented from fully participating in the pending divorce action. To the contrary, it is stipulated and otherwise admitted that appellant was personally served with copy of summons and copy of complaint in the Edgecombe County divorce action on 10 August 1964. Consequently, the instant case does not come within those cases when jurisdiction was purportedly acquired by false affidavit and service of process by publication. *Woodruff v. Woodruff*, 215 N.C. 685, 3 S.E. 2d 5 (1939); *Young v. Young*, 225 N.C. 340, 34 S.E. 2d 154 (1945).

All the facts alleged in the motion are drawn within the classification of intrinsic fraud. In fact, appellant's fourth allegation classifies the fraud as "intrinsic" in the following language: "That the judgment in said case was obtained by perjured testimony and false evidence resulting in intrinsic fraud on the Court and the defendant."

[3] The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time of appeal or other direct attack has expired only if the alleged fraud is extrinsic rather than intrinsic. Fraud is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. If an unsuccessful party to an action has been prevented from fully participating therein there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. Fraud perpetrated under such circum-

stances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court.

In *Pico v. Cohn,* 91 Cal. 129, 25 P. 970, cited with approval in *McCoy v. Justice,* 196 N.C. 553, 146 S.E. 214 (1929), and in *Horne v. Edwards,* 215 N.C. 622, 3 S.E. 2d 1 (1939), the Court said:

> "It must be a fraud extrinsic or collateral to the questions examined and determined in the action, and we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of this rule is that there must be an end of litigation, . . . when he has a trial he must be prepared to meet and expose perjury then and there."

In accord, *Thrasher v. Thrasher,* 4 N.C. App. 534, 167 S.E. 2d 549 (1969).

Upon the hearing of the plea in bar of the one year statute of limitations as set forth in Rule 60(b)(3) the trial judge correctly allowed said plea in bar and properly dismissed the motion in the cause. By so doing he in effect found that the fraud alleged in appellant's motion in the cause did not amount, even assuming proof thereof, to a "fraud upon the Court" but rather amounted to the fraud contemplated in Rule 60(b)(3).

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.