TEXTILE FABRICATORS, INC. v. C. R. C. INDUSTRIES, INC.

No. 7827SC1086

(Filed 6 November 1979)

**Judgments §§ 27.1, 38 — judgment in federal court — res judicata — intrinsic fraud — no recovery in independent action**

In plaintiff's action to enforce a money judgment given by a U.S. District Court, *res judicata* prevented defendant from attacking, by way of counterclaim, the veracity of plaintiff's testimony in the federal court; moreover, even if defendant were entitled to seek relief from the judgment entered in federal court, it would be unable to prevail, since the rule in this jurisdiction is that where a judgment has been entered, relief from that judgment is not available in an independent action upon facts which amount to intrinsic fraud.

APPEAL by defendant from *Riddle, Judge.* Order entered 6 September 1978 in Superior Court, GASTON County. Heard in the Court of Appeals 28 August 1979.

Plaintiff brings this action to enforce a judgment of $15,900 given by a U.S. District Court in South Carolina. Defendant alleged as both a defense and a counterclaim that plaintiff had testified in federal court that it had completed in a satisfactory manner the textile equipment which was the subject of the earlier lawsuit, while in fact plaintiff delivered to defendant only a heap of unfinished and damaged parts. Defendant contended that it owed plaintiff no money, or that if it did, it was entitled to an off-set of at least $10,000. Plaintiff moved to strike this defense and counterclaim, and the motion was granted. Defendant appeals.

*Hollowell, Stott & Hollowell, by James C. Windham, Jr., for plaintiff appellee.*

*Basil L. Whitener and Anne M. Lamm for defendant appellant.*

ARNOLD, Judge.

We reject defendant's position that the trial court erred in striking its counterclaim wherein it alleged that plaintiff obtained judgment based on false testimony at the original trial in federal court.

Defendant's counterclaim in the case at bar is an independent action based upon allegations amounting to fraud. Such action would have been more appropriately brought in the federal court since it is the judgment of that court that defendant attacks. The record does not reflect whether defendant filed an independent action in the federal court or moved for relief from that judgment pursuant to Rule 60(b) of the Federal Rules. The doctrine of *res judicata* prevents defendant from now attacking the veracity of plaintiff's testimony in the federal court by means of its counterclaim filed in this action.

Moreover, even if defendant were entitled to seek relief from the judgment entered in federal court it would be unable to prevail. The established rule in this jurisdiction is that where a judgment has been entered relief from that judgment is not available in an independent action upon facts which amount to in-

trinsic fraud. *Stokley v. Stokley,* 30 N.C. App. 351, 227 S.E. 2d 131 (1976). False testimony is intrinsic fraud. *Horne v. Edwards,* 215 N.C. 622, 3 S.E. 2d 1 (1939).

Under Rule 60(b)(3) of our Rules of Civil Procedure where relief is sought from final judgment by *motion* it is irrelevant whether the fraud alleged is "intrinsic" or "extrinsic." The rule states, however, that it does not "limit the power of a court to entertain an *independent action* (emphasis added) to set aside a judgment for fraud." Rule 60(b). This Court, in *Stokley v. Stokley, supra* at 354-55, 227 S.E. 2d at 134, reaffirmed the distinction between intrinsic and extrinsic fraud. The effect of the *Stokley* decision is that whenever the alleged fraud is intrinsic it can only be the subject of a motion under Rule 60(b)(3), and then, of course, it is barred after one year following the judgment. *See* Shuford, N.C. Civ. Prac. & Proc., § 60-8.

Affirmed.

Judges HEDRICK and VAUGHN concur.