MARGARET H. ANDREWS v. AUGUST RICHARD PETERS, III

No. 873SC758

(Filed 15 March 1988)

1. **Judgments § 2; Rules of Civil Procedure § 59— order for new trial on damages issue—remand for findings—authority of trial judge**

   Where an order allowing plaintiff's Rule 59 motion for a new trial on the issue of damages was remanded by the Court of Appeals for findings of fact to provide a basis for meaningful appellate review, the judge who entered the original order had authority to enter a superseding order making detailed findings of fact although he was not a resident judge of the judicial district, a

special superior court judge residing in the district, or the judge regularly presiding over the courts of the district at the time the superseding order was entered.

**2. Rules of Civil Procedure § 59; Trial § 52.1— inadequate verdict—new trial on damages issue**

Evidence and findings relating to the extent of injuries suffered by plaintiff as a result of an intentional tort by a fellow employee, medical costs for treatment of those injuries, and plaintiff's lost wages supported the trial court's conclusions that damages of $7,500 awarded to plaintiff by the jury for those injuries were inadequate and appeared to have been awarded under the influence of passion and prejudice.

APPEAL by defendant from *Allsbrook, Richard B., Judge.* Order entered 11 May 1987 out of county and term. Heard in the Court of Appeals 13 January 1988.

This case is before our Court for a third time. On its initial appeal we reversed the trial court's granting of defendant's N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) motion and remanded for trial. *Andrews v. Peters*, 55 N.C. App. 124, 284 S.E. 2d 748, *disc. rev. denied*, 305 N.C. 395, 290 S.E. 2d 364 (1982). On 10 October 1983 the case came on for trial at the conclusion of which the jury returned a verdict finding defendant liable for battery and awarding plaintiff personal injury damages in the amount of $7,500. Subsequently, plaintiff timely moved for a new trial on damages pursuant to G.S. § 1A-1, Rule 59, and the defendant moved under G.S. § 1A-1, Rule 52(a)(2) that the court make detailed findings of fact and conclusions of law in ruling on plaintiff's Rule 59 motion. On 21 December 1983 the trial court granted plaintiff's motion for a new trial on damages but declined to specify the reasons for so ruling. Thereupon defendant brought motions under G.S. § 1A-1, Rules 52(b) and 60(b)(6) by which he requested, *inter alia*, that the trial court fully set forth the basis of its 21 December order awarding a new trial on the issue of damages. On 29 December the trial court denied the motions, and defendant appealed. This Court vacated the trial court's 21 and 29 December orders and remanded for findings of fact, pursuant to defendant's Rule 52(a)(2) motion, to provide a basis of meaningful appellate review of the 21 December order, and our Supreme Court affirmed. *Andrews v. Peters*, 75 N.C. App. 252, 330 S.E. 2d 638, *aff'd*, 318 N.C. 133, 347 S.E. 2d 409 (1986). On 11 May 1987 the trial court entered an order superseding that of 21 December 1983, making detailed find-

ings of fact and conclusions of law, and ordering once again a new trial on the issue of damages. Defendant appeals.

*Barker, Dunn & Mills, by James C. Mills, for plaintiff-appellee.*

*Lee E. Knott, Jr. for defendant-appellant.*

WELLS, Judge.

This appeal raises two questions: (1) Did the trial judge have jurisdiction to enter his 11 May 1987 superseding order, and (2) Should the trial court's 11 May order for a new trial on the issue of damages be reversed? For the reasons set forth below we answer these two questions, respectively, yes and no, and affirm the trial court's 11 May order.

The background facts need not long detain us. Briefly, the plaintiff, Margaret H. Andrews, was injured on 27 September 1979 when defendant, a co-employee at Burroughs Wellcome Corporation, walked up behind her and tapped the back of her right knee with the front of his right knee. Unexpectedly, the plaintiff fell to the floor and dislocated her right kneecap. From 28 September 1979 until 8 September 1980 plaintiff was under the care of Dr. Randolph Williams, an orthopedic surgeon. On 16 March 1981 plaintiff went to see Dr. Harold Vandersea, another orthopedic surgeon, for a second opinion. Dr. Vandersea operated on plaintiff's right knee on 19 March 1981, on her back on 14 May of the same year, and again on plaintiff's knee on 24 February 1983 —this time removing her kneecap. In plaintiff's amended complaint, filed 13 October 1983, she prayed for $500,000 in compensatory and punitive damages.

[1] By his first assignment of error defendant contends that Judge Allsbrook had no authority to enter his 11 May 1987 order because the latter was neither a resident judge of the Third Judicial District, nor a special superior court judge residing in the district, nor the judge regularly presiding over the courts of the district in May of 1987. Hence, argues defendant, Judge Allsbrook had no jurisdiction to hear or pass on plaintiff's Rule 59 motion. We disagree. In his 11 May 1987 Order, Judge Allsbrook followed our mandate on remand. Judge Allsbrook's mandate from this Court was simply to make additional findings of fact on his 21

December 1983 decision on plaintiff's Rule 59 motion. No other judge could have made the necessary determinations, and it is idle to contend that N.C. Gen. Stat. § 7A-47 and § 7A-47.1 debar Judge Allsbrook from complying with this Court's mandate until such time as he might be reassigned to the Third District.

[2]  By his second and third assignments defendant contends that the trial court's order for a new trial on damages should be vacated because (1) the trial court manifestly abused its discretion in setting aside the jury's damage award and because (2) the Record does not support the court's finding and conclusion that the jury verdict was inadequate and apparently given under the influence of passion and prejudice. We disagree.

In his 11 May 1987 Order, Judge Allsbrook made extensive findings of fact relating to the extent of plaintiff's injuries, the cost of medical treatment of those injuries, and plaintiff's wages lost as a result of those injuries. It was upon these findings that Judge Allsbrook concluded that the jury's verdict as to damages was inadequate. In so doing, Judge Allsbrook necessarily dealt with evidence which was, to some extent, conflicting. Our examination of the Record shows that there was support in the evidence for these findings. While we agree with defendant that at trial conflicts in the evidence are for the jury to resolve, we nevertheless recognize that the scope of appellate review of a trial court Rule 59 order for a new trial is strictly limited. In *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982), our Supreme Court, after articulating the particular aspects of the role of the trial judge in ruling on such motion, held that ". . . [an] appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Id.* Based on our review of the Record before us, we perceive no substantial miscarriage of justice in Judge Allsbrook's findings and conclusions that the damages awarded to plaintiff by the jury were inadequate.

Our review of Judge Allsbrook's findings and conclusions that the jury's verdict as to damages appeared to have been awarded under the influence of passion and prejudice leads us to the same result as to this aspect of his Order under review here.

Defendant further complains that if the trial court considered the verdict inadequate it should have stated what damage award would be sufficient in the interest of judicial economy. However, in North Carolina the trial court is without authority to modify a jury's damage award by increasing the amount, except, under circumstances, to add interest. *Bethea v. Kenly*, 261 N.C. 730, 136 S.E. 2d 38 (1964), *accord, Circuits Co. v. Communications, Inc.*, 26 N.C. App. 536, 216 S.E. 2d 919 (1975).

For the reasons stated, the Order of the trial court is

Affirmed.

Judges ARNOLD and SMITH concur.