MARY M. HOOKS, PLAINTIFF v. THOMAS ECKMAN AND WIFE, MARY ALICE ECKMAN; MARY ELIZABETH BOENING AND HUSBAND, ROBERT BOENING, DEFENDANTS

No. COA02-1036

(Filed 5 August 2003)

**Judgments— prior—false testimony—attempt to set aside**

Summary judgment was properly granted for defendant in an action which alleged fraud through false testimony about assets in a prior alienation of affections action. The issue was raised and fully litigated in the prior action; plaintiff is attempting in this action to set aside a prior judgment on the ground of false testimony. Her sole remedy was through a motion in the cause pur-

suant to Rule 60, which she filed. That motion was denied and she withdrew her appeal of that decision.

Appeal by plaintiff from judgment entered 17 May 2002 by Judge Henry W. Hight, Jr. in Durham County Superior Court. Heard in the Court of Appeals 23 April 2003.

*Hayes Hofler & Associates, P.A., by R. Hayes Hofler, Esq., for plaintiff appellant.*

*Glenn, Mills and Fisher, P.A., by William S. Mills, for defendant appellees Thomas Eckman and Mary Alice Eckman.*

*Northern Blue, L.L.P., by J. William Blue, Jr., for defendant appellees Mary Elizabeth Boening and Robert Boening.*

TIMMONS-GOODSON, Judge.

Mary M. Hooks ("Hooks") appeals from a judgment of the trial court entered in favor of Thomas Eckman, Mary Alice Eckman, Mary Elizabeth Boening ("Boening") and Robert Boening ("Robert") (referred to collectively as "defendants"). For the reasons stated herein, we affirm the trial court's decision.

An examination of the pleadings, exhibits, and depositions filed in response to defendants' summary judgment motion, considered in the light most favorable to Hooks, tends to show the following: On 7 October 1998, Hooks filed an action seeking compensatory and punitive damages against Boening for alienation of affection and criminal conversation ("the 1998 Action") of her husband, Robert. In the 1998 Action, Hooks served Boening with interrogatories inquiring about the extent of her assets. In response to the interrogatories, Boening submitted an equitable distribution affidavit, from her then pending divorce from Michael Dulude ("Dulude"). The affidavit showed that Boening claimed the home she owned with Dulude was separate property valued at $279,000.00. In September 1999, Boening sold the home and directed that the $143,000.00 sale proceeds be paid directly to Thomas and Mary Alice Eckman (referred to collectively as "the Eckmans"), Boening's parents. Boening did not supplement her discovery response after the sale and payment to the Eckmans.

In October 2000, the 1998 Action was tried without a jury in Durham County. During the trial, Hooks questioned Boening about the fact that approximately $143,000.00 had been paid at her direction to the Eckmans. Boening testified that she directed her share of the

proceeds in the sale of real property be paid to the Eckmans in satisfaction of a promissory note she owed them for the land and construction of the residence. Dulude testified that the Eckmans forgave the promissory note in 1993.

At trial, Hooks argued that the payment from Boening to the Eckmans should be treated as a fraudulent conveyance and the sum of approximately $143,000.00 should be considered by the court as an asset of Boening in determining punitive damages. On 16 November 2000, a judgment was entered in the 1998 Action awarding Hooks $42,500.00 in compensatory damages and $15,500.00 as punitive damages. The judgment was tendered in full by Boening and accepted by Hooks.

On 13 September 2001, Hooks filed the matter presently before this Court. In her complaint, Hooks alleged that Boening gave false testimony in the 1998 Action regarding the value of her assets resulting in a less favorable award than she would have received but for Boening's false testimony. The complaint further alleged that the Eckmans assisted and aided the acts of Boening and that defendants were liable to Hooks. After filing the initial complaint, Hooks then filed a "Motion For Relief From A Final Judgment" pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. After hearing arguments from counsel for both parties, the trial court then made the following findings of fact:

> 3. That the Defendant paid the amount awarded to the Plaintiff in the judgment, including accrued interest and costs as allowed by the Court, and that the judgment was marked "satisfied."
>
> . . . .
>
> 5. . . . the matters complained of by the Plaintiff were presented to the court during the underlying hearing.

Based on the above-stated findings of fact, the court then made the following conclusions of law:

> 3. That the Plaintiff, having accepted the benefits of the judgment entered by the Court in the trial of this matter, cannot subsequently attack the validity of that judgment[.]
>
> 4. That the Plaintiff is not entitled to relief pursuant to Rule 60 based upon the evidence previously presented to the Court during the underlying trial.

After the "Motion For Relief From A Final Judgment" was dismissed, defendants filed a motion for summary judgment in this case on 30 April 2002. The trial court then granted summary judgment in favor of defendants. From this judgment, Hooks appeals.

---

The sole issue before this Court is whether the trial court erred in granting summary judgment in favor of defendants in an independent action based on allegations of false testimony in a prior action. For the reasons stated herein, we affirm the judgment of the trial court.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). The party moving for summary judgment must "clearly demonstrate the lack of any triable issue of fact and entitlement to judgment as a matter of law." *Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP*, 350 N.C. 214, 220, 513 S.E.2d 320, 324 (1999). In reviewing a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing the motion. *Id.* Generally, summary judgment is inappropriate in an action for fraud. *Lewis v. Blackman*, 116 N.C. App. 414, 419, 448 S.E.2d 133, 136 (1994). However, the ability of a party to maintain an independent action based upon a judgment in a prior judicial proceeding that allegedly was tainted by fraud, depends upon whether the fraud at issue is extrinsic or intrinsic. *See Stokley v. Stokley and Stokley v. Hughes*, 30 N.C. App. 351, 354, 227 S.E.2d 131, 134 (1976); *see also Fabricators, Inc. v. Industries, Inc.*, 43 N.C. App. 530, 532, 259 S.E.2d 570, 572 (1979).

In *Stokely*, this Court asserted that fraud should be considered extrinsic "when it deprives the unsuccessful party of an opportunity to present his case to the court. If an unsuccessful party to an action has been prevented from fully participating therein there has been no true adversary proceeding, and the judgment is open to attack at any time." *Stokely*, 30 N.C. App. at 354-55, 227 S.E.2d at 134. The *Stokely* Court determined that intrinsic fraud occurs when a party (1) has proper notice of an action, (2) has not been prevented from full participation in the action, and (3) has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. *Id.* Specifically, intrinsic fraud describes matters that are involved in the determination of a cause on its merits. In contrast,

**HOOKS v. ECKMAN**

[159 N.C. App. 681 (2003)]

extrinsic fraud prevents a court from making a judgment on the merits of a case. *See id.*

When the alleged fraud complained of is intrinsic then it can only be the subject of a motion under Rule 60(b)(3). N.C. Gen. Stat. § 1A-1, Rule 60(b)(3) (2001). It is well established in North Carolina "that where a judgment has been entered relief from that judgment is not available in an independent action upon facts which amount to intrinsic fraud." *Fabricators, Inc.*, 43 N.C. App. at 531-32, 259 S.E.2d at 571 (citations omitted). Moreover, we note that "false testimony is intrinsic fraud." *Id.* at 532, 259 S.E.2d at 571.

Applying the above-stated principles, it is clear that the factual allegations alleged by plaintiff involve intrinsic fraud. The record is devoid of any evidence that Hooks was prevented from fully participating in the alienation of affection action. To the contrary, the matter was fully litigated, and counsel for Hooks made the following statements during closing arguments:

> In this case, the evidence is that she doesn't have any assets. She's got $39,000 worth of income. She doesn't have any assets. So, I mean, what do you do with that? I submit that what the evidence shows, Your Honor, is that she does have the assets, $143,000 and $23,000. And that the transfer of that money was a fraud, a fraud on this court, a fraud against [Hooks], not only by her but by [the Eckmans]. *And the fraud has been proven.*

Therefore, the precise issue of fraud was raised in the matter before the trial court in the 1998 Action, and the court was afforded the opportunity to consider fraud before awarding punitive damages to Hooks.

We further recognize that all the facts alleged by Hooks are within the classification of intrinsic fraud. In fact, Hooks' complaint in paragraph eighteen specifically alleges that the damage which she has suffered was that the trial court was misled in ". . . weighing the reprehensibility of the conduct of the Defendant Mary Elizabeth Boening against her revenues or net worth . . ." and that the punitive damages awarded against her ". . . would have reasonably been greater had Defendants not engaged in [fraud]." Therefore, Hooks is attempting to set aside a prior judgment on the grounds that Boening offered false testimony. A final judgment cannot be reversed merely upon a showing of perjured testimony, because it would prevent judicial finality. *See McCoy v. Justice*, 199 N.C. 602, 607, 155 S.E. 452, 457 (1930) (concluding "that a final judgment cannot be annulled merely

because it can be shown to have been based on perjured testimony; for, if this could be done once, it could be done again and again, *ad infinitum*"). Accordingly, this Court will not set aside a judgment on the grounds of perjured testimony or for any other matter that was presented and considered in the judgment, which Hooks now attacks. *See Thrasher v. Thrasher*, 4 N.C. App. 534, 545, 167 S.E.2d 549, 557 (1969).

As stated *supra*, intrinsic fraud can only be the subject of a Rule 60(b) motion. *See* N.C. Gen. Stat. § 1A-1, Rule 60(b)(3). Therefore, the sole remedy for Hooks was to modify or set aside the consent judgment in the 1998 Action through a motion in the cause pursuant to Rule 60. Here, Hooks filed a Rule 60(b) motion, which was denied on 21 February 2002. Because Hooks withdrew her appeal of the trial court's denial of her Rule 60(b) motion, she is now bound by the findings and conclusions reached by the trial court in the denial of that motion. *See Lang v. Lang*, 108 N.C. App. 440, 453, 424 S.E.2d 190, 196-97 (determining that erroneous judgments may be corrected only by appeal and failure to appeal bars any discussion of the merits in the judgment), *disc. review denied*, 333 N.C. 575, 429 S.E.2d 570 (1993); *see also Young v. Insurance Co.*, 267 N.C. 339, 343, 148 S.E.2d 226, 229 (1966).

For the reasons contained herein, we affirm the judgment of the trial court granting summary judgment for defendants.

Affirmed.

Judges BRYANT and GEER concur.