ZACHARY, Judge.
 

 *239
 
 Jennifer L. Wilson (plaintiff) appeals from an order entered on 29 September 2016, that dismissed with prejudice plaintiff's claims against SunTrust Bank, SunTrust Mortgage, Inc., Hutchens Law Firm LLP,
 
 [1]
 
 Substitute Trustee Services, Inc., and Deutsche Bank Trust Company Americas (Deutsche Bank) (collectively, defendants). This order quieted title to certain real property in favor of Deutsche Bank, and denied plaintiff's motion for a temporary restraining order and preliminary injunction.
 
 [2]
 
 Plaintiff also appeals from an order entered on 5 December 2016, that denied plaintiff's motion for findings and conclusions to be added to the order of 29 September, her motion to amend or alter the order, and her objection to the trial court's holding a hearing in Catawba County.
 

 On appeal, plaintiff argues that the trial court lacked jurisdiction to conduct a hearing on 15 August 2016, erred by entering an order out of county on 29 September 2016, and erred by dismissing her complaint and denying her motion for entry of a temporary restraining order and a preliminary injunction. We conclude that the trial court did not err by entering the 29 September 2016 order out of county, by dismissing plaintiff's complaint, or by denying plaintiff's motion asking the trial court to "show cause how this court ... possessed jurisdiction." Because we conclude that the trial court did not err by dismissing plaintiff's complaint, we dismiss as moot plaintiff's argument regarding the denial of her motion for a temporary restraining order and preliminary injunction.
 

 Plaintiff also argues that the trial court erred by conducting a hearing in Catawba County on 14 November 2016, by denying her motion to alter or amend the 29 September 2016 order, and by denying her motion for entry of findings of fact and conclusions of law in the order. We conclude that the trial court did not err by denying plaintiff's motion
 
 *240
 
 for entry of findings and conclusions, plaintiff's motion asking the trial court to alter or amend its judgment, or plaintiff's challenge to the trial court's authority to conduct a hearing in Catawba County.
 

 Factual and Procedural Background
 

 We first note that in her brief, plaintiff recites a number of factual circumstances
 
 *290
 
 that are not necessary for the disposition of the issues raised on appeal. We find the following facts, which are essentially undisputed, to be relevant to our resolution of this appeal. On 18 January 2007, plaintiff borrowed $296,000 from SunTrust Mortgage, Inc. (hereafter "SunTrust Mortgage"), in order to finance the purchase of real property located on Pinecroft Court, in Harrisburg, North Carolina (hereafter, "the property"). Plaintiff signed a promissory note and a deed of trust securing the loan. In 2009, plaintiff defaulted on the terms of the loan by failing to make the required mortgage payments. In October 2009, Hutchens Law Firm filed an appointment of substitute trustee, naming Substitute Trustee Services, Inc. ("STS") as substitute trustee. On 3 November 2009, Hutchens Law Firm, as the attorney for STS, wrote to plaintiff informing her that foreclosure proceedings were being initiated.
 

 Following a hearing, an order allowing foreclosure was entered by an Assistant Clerk of Court for Cabarrus County on 25 January 2010. The order found that SunTrust Bank was the holder of the note; that the note was in default; that plaintiff had been served with notice of the hearing; and that plaintiff had shown no valid reason why foreclosure could not proceed. The Order ruled that STS was authorized to proceed with foreclosure. Plaintiff did not appeal this order. At the foreclosure sale conducted on 15 November 2010, SunTrust Bank was the highest bidder. SunTrust Bank assigned its bid to Deutsche Bank. A Final Report of Foreclosure was filed on 9 December 2010, and on 7 February 2011, a Trustee's Deed was recorded naming Deutsche Bank as the owner of the property.
 

 On 22 June 2016, plaintiff was served with a notice directing her to vacate the property. On 8 July 2016, plaintiff filed a verified complaint against defendants. In her complaint, plaintiff alleged that in 2007 SunTrust Mortgage had sold the note and deed of trust to another financial entity and that, in order to obtain an order allowing foreclosure, defendants later executed fraudulent documents. Plaintiff sought damages from defendants for "fraud upon the court," including rescission of foreclosure-related documents, money damages, and a declaration quieting title to the property in favor of plaintiff.
 

 *241
 
 On 29 July and 1 August 2016, the defendants filed motions asking that plaintiff's complaint be dismissed pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief can be granted. On 2 August 2016, plaintiff filed an amended motion seeking a temporary restraining order (TRO) and a preliminary injunction staying the entry of an order for possession of the property or sale of the property. Plaintiff alleged that the foreclosure sale was "procured by Fraud Upon the Court" and that there was a "serious controversy" as to "the title ownership of the Subject Property[.]" On 15 August 2016, the trial court conducted a hearing on defendants' respective motions for dismissal of plaintiff's claims, together with plaintiff's motion for entry of a TRO and a preliminary injunction.
 

 On 29 September 2016, the trial court entered an order dismissing plaintiff's complaint with prejudice pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief can be granted, denying plaintiff's motions for injunctive relief, and taxing plaintiff with the costs of the action. The order was served on plaintiff on 7 October 2016. On 12 October 2016, plaintiff filed a motion asking the trial court to enter findings of fact and conclusions of law for its order of 29 September 2016, as well as a "Motion for Order to Show Cause How this Court at the August 15, 2016 Hearing Possessed Jurisdiction." On 13 October 2016, plaintiff filed a motion asking the court to alter or amend its 29 September 2016 order.
 

 On 31 October 2016, counsel for defendant Deutsche Bank filed a notice that a hearing would be conducted on plaintiff's motions in Catawba County on 14 November 2016. Plaintiff filed an objection to the location of the hearing on 7 November 2016. Following a hearing conducted on 14 November 2016, the trial court entered an order on 5 December 2016, in which it denied plaintiff's motion for entry of findings and conclusions, plaintiff's motion to alter or amend judgment, plaintiff's motion challenging the court's jurisdiction, and plaintiff's objection to the hearing
 
 *291
 
 being conducted in Catawba County. Plaintiff noted an appeal to this Court from the orders entered on 29 September and 5 December 2016.
 

 Trial Court's Jurisdiction over the 15 August 2016 Hearing
 

 Plaintiff contends that the trial court lacked jurisdiction to conduct the hearing on 15 August 2016, on the grounds that the court failed to produce evidence of a commission properly assigning Judge Gregory R. Hayes to preside in Cabarrus County on that date. The premise of plaintiff's argument is that her filing of a motion demanding that the trial
 
 *242
 
 court "show cause" demonstrating the source of its jurisdiction to preside over the hearing on 15 August 2016, unaccompanied by any evidence showing affirmatively that the court lacked jurisdiction, shifted to the court the burden of establishing the existence of jurisdiction. Plaintiff has misapprehended the law in this regard.
 

 Plaintiff appears to contend that her allegation that the trial court lacked jurisdiction is sufficient to impose upon the court the duty and burden of proving that it had jurisdiction. However, it is long-established that there is a presumption of regularity in the proceedings of our courts:
 

 Where a judgment rendered by a domestic court of general or superior jurisdiction is attacked in a collateral proceeding,
 
 there is a presumption, which can only be overcome by positive proof, that it had jurisdiction both of the persons and the subject-matter, and proceeded in the due exercise of its jurisdiction
 
 .... Presumptions against the validity of the proceedings will not be indulged in, where the record does not affirmatively show any error or irregularity. ... As jurisdiction is presumed, at least
 
 prima facie
 
 , any acts or omissions affecting the validity of the proceedings and judgment must be affirmatively shown[.]
 

 Starnes v. Thompson
 
 ,
 
 173 N.C. 466
 
 , 467-68,
 
 92 S.E. 259
 
 , 259-60 (1917) (emphasis added). Moreover, the party challenging the court's jurisdiction has the burden of producing evidence that the court lacked jurisdiction:
 

 If a court finds at any stage of the proceedings that it is without jurisdiction, it is its duty to take proper notice of the defect, and stay, quash or dismiss the suit. The Superior Court is a court of general state-wide jurisdiction. N.C. Constitution, Article IV § 2 [.] Plaintiffs are entitled to call to their aid the ...
 
 prima facie
 
 presumption of rightful jurisdiction which arises from the fact that a court of general jurisdiction has acted in the matter. ... "
 
 The burden is on the party asserting want of jurisdiction to show such want.
 
 "
 

 Jackson v. Bobbitt
 
 ,
 
 253 N.C. 670
 
 , 673,
 
 117 S.E.2d 806
 
 , 807 (1961) (quoting
 
 Dellinger v. Clark
 
 ,
 
 234 N.C. 419
 
 , 424,
 
 67 S.E.2d 448
 
 , 452 (1951) ) (emphasis added). This principle was recently applied by our Supreme Court. In
 
 In re N.T
 
 .,
 
 240 N.C. App. 33
 
 ,
 
 769 S.E.2d 658
 
 (2015), this Court held that the trial court lacked jurisdiction over a juvenile case, stating that "[g]iven the absence of any competent evidence in the record to show that the petition was properly verified, the trial court never obtained
 
 *243
 
 jurisdiction over the subject matter of the juvenile case."
 
 N.T
 
 .,
 
 240 N.C. App. at 35, 36-7
 
 ,
 
 769 S.E.2d at 661
 
 . Our Supreme Court reversed:
 

 "... [W]here the trial court has acted in a matter, every presumption not inconsistent with the record will be indulged in favor of jurisdiction. ..." Nothing else appearing, we apply "the
 
 prima facie
 
 presumption of rightful jurisdiction which arises from the fact that a court of general jurisdiction has acted in the matter." As a result, "[t]he burden is on the party asserting want of jurisdiction to show such want." ... [Given] the presumption of regularity that attaches to the trial court's decision to exercise jurisdiction, the Court of Appeals had no basis to conclude that the petition was not properly verified.
 

 In re N.T.
 
 ,
 
 368 N.C. 705
 
 , 707-08,
 
 782 S.E.2d 502
 
 , 503-04 (2016) (quoting
 
 Cheape v. Town of Chapel Hill
 
 ,
 
 320 N.C. 549
 
 , 557,
 
 359 S.E.2d 792
 
 , 797 (1987) (internal quotation omitted);
 
 Williamson v. Spivey
 
 ,
 
 224 N.C. 311
 
 , 313,
 
 30 S.E.2d 46
 
 , 47 (1944) ; and
 
 Dellinger
 
 ,
 
 234 N.C. at 424
 
 ,
 
 67 S.E.2d at
 
 452 ).
 

 In the present case, plaintiff has not produced any evidence tending to show that
 
 *292
 
 the trial judge was not duly commissioned to preside over the 15 August 2016 session of Cabarrus County Superior Court. We hold that plaintiff's bare assertion that the trial court lacked jurisdiction is insufficient to overcome the presumption of regularity, and that the trial court did not err by denying plaintiff's motion demanding that the trial court "show cause" that it had jurisdiction to preside over the hearing on 15 August 2016.
 

 Dismissal of Plaintiff's Complaint
 

 The primary substantive argument of plaintiff's appeal is that the trial court erred by dismissing with prejudice her complaint against defendants, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2016), for failure to state a claim upon which relief can be granted. We conclude that the trial court did not err by dismissing plaintiff's complaint.
 

 The standard "of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true."
 
 Burgin v. Owen
 
 ,
 
 181 N.C. App. 511
 
 , 512,
 
 640 S.E.2d 427
 
 , 428 (2007) (citation omitted). "When the complaint fails to allege the substantive elements of some legally cognizable claim, or where it alleges facts which defeat any claim, the
 
 *244
 
 complaint must be dismissed."
 
 Oberlin Capital, L.P. v. Slavin
 
 ,
 
 147 N.C. App. 52
 
 , 56,
 
 554 S.E.2d 840
 
 , 844 (2001) (citation omitted). Accordingly:
 

 "Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." "On appeal, we review the pleadings
 
 de novo
 
 to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."
 

 Freedman v. Payne
 
 , --- N.C. App. ----, ----,
 
 784 S.E.2d 644
 
 , 647 (2016) (quoting
 
 Wood v. Guilford Cnty
 
 .,
 
 355 N.C. 161
 
 , 166,
 
 558 S.E.2d 490
 
 , 494 (2002) ; and
 
 Gilmore v. Gilmore
 
 ,
 
 229 N.C. App. 347
 
 , 350,
 
 748 S.E.2d 42
 
 , 45 (2013) ). In addition:
 

 "When documents are attached to and incorporated into a complaint, they become part of the complaint and may be considered in connection with a Rule 12(b)(6) motion without converting it into a motion for summary judgment." Moreover ... "the trial court can reject allegations that are contradicted by the documents attached, specifically referred to, or incorporated by reference in the complaint. Furthermore, the trial court is not required ... to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." "When reviewing pleadings with documentary attachments on a Rule 12(b)(6) motion, the actual content of the documents controls, not the allegations contained in the pleadings[.]"
 

 Moch v. A.M. Pappas & Assocs., LLC
 
 , --- N.C. App. ----, ----,
 
 794 S.E.2d 898
 
 , 903 (2016) (quoting
 
 Schlieper v. Johnson
 
 ,
 
 195 N.C. App. 257
 
 , 261,
 
 672 S.E.2d 548
 
 , 551 (2009) ;
 
 Laster v. Francis
 
 ,
 
 199 N.C. App. 572
 
 , 577,
 
 681 S.E.2d 858
 
 , 862 (2009) ; and
 
 Schlieper
 
 at 265,
 
 672 S.E.2d at
 
 552 ). We will next apply this standard to our review of the allegations of plaintiff's complaint.
 

 The factual allegations of plaintiff's complaint comprise 136 numbered paragraphs. Preliminarily, we note that plaintiff makes a number of allegations that certain evidence is inconsistent with a document to which plaintiff refers as the "Delehey Declaration." Plaintiff initiated an
 
 *245
 
 action in New York State, and the Delehey Declaration was filed by Ms. Delehey, an attorney who had represented one of the parties. It contains the results of Ms. Delehey's review of documents pertaining to the foreclosure of the property. Plaintiff cites no authority, and we know of none, that suggests that this document has any legal bearing on whether plaintiff's complaint stated a claim for relief. Accordingly, we do not consider whether the documents discussed in plaintiff's complaint are consistent with the "Delehey Declaration."
 

 Assuming, as we must during our review, that the remaining allegations of plaintiff's
 
 *293
 
 complaint are true, they generally tend to show the following: In 2007, SunTrust Mortgage sold plaintiff's loan to another entity. Notwithstanding this sale, in 2009, SunTrust Mortgage purported to execute an assignment of the loan, which it had not owned for two years, to SunTrust Bank, with the assignment retroactively effective as of 1 March 2007. Thereafter, defendants knowingly "perpetrated fraud upon the Clerk of the Court" by filing fraudulent and false documents whose veracity was in some way associated with the purported assignment of plaintiff's loan to SunTrust Bank. Plaintiff alleges that these fraudulent documents were submitted so that defendants could obtain the 25 January 2010 order of the clerk allowing the foreclosure to proceed. Plaintiff also alleges that the documents filed in connection with the foreclosure sale, including the Trustee's Deed recorded in February 2011, were false and fraudulent.
 

 Plaintiff brought claims against defendants for "fraud upon the court" based upon allegations that the foreclosure on the note was obtained by means of defendants' submission of false documents. "However, the ability of a party to maintain an independent action based upon a judgment in a prior judicial proceeding that allegedly was tainted by fraud, depends upon whether the fraud at issue is extrinsic or intrinsic."
 
 Hooks v. Eckman
 
 ,
 
 159 N.C. App. 681
 
 , 684,
 
 587 S.E.2d 352
 
 , 354 (2003) (citing
 
 Stokley v. Stokley
 
 ,
 
 30 N.C. App. 351
 
 , 354,
 
 227 S.E.2d 131
 
 , 134 (1976) ; and
 
 Fabricators, Inc. v. Industries, Inc
 
 .,
 
 43 N.C. App. 530
 
 , 532,
 
 259 S.E.2d 570
 
 , 572 (1979) ). In
 
 Hooks,
 
 this Court stated the following:
 

 In
 
 Stokley
 
 , this Court asserted that fraud should be considered extrinsic "when it deprives the unsuccessful party of an opportunity to present his case to the court. If an unsuccessful party to an action has been prevented from fully participating therein there has been no true adversary proceeding, and the judgment is open to attack at any time." The
 
 Stokley
 
 Court determined that intrinsic fraud occurs when a party (1) has proper notice of an action, (2) has not
 
 *246
 
 been prevented from full participation in the action, and (3) has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary.
 
 Id
 
 . Specifically, intrinsic fraud describes matters that are involved in the determination of a cause on its merits. In contrast, extrinsic fraud prevents a court from making a judgment on the merits of a case.
 

 Hooks,
 

 159 N.C. App. at 684-85
 
 ,
 
 587 S.E.2d at 354
 
 (quoting
 
 Stokley
 
 ,
 
 30 N.C. App. at 354-55
 
 ,
 
 227 S.E.2d at
 
 134 ). Thus, "[i]t is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of this rule is that there must be an end of litigation[.]"
 
 Horne v. Edwards
 
 ,
 
 215 N.C. 622
 
 , 627,
 
 3 S.E.2d 1
 
 , 4 (1939).
 

 The proper procedure in such a situation is to file a motion pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. "When the alleged fraud complained of is intrinsic then it can only be the subject of a motion under Rule 60(b)(3)."
 
 Hooks
 
 ,
 
 159 N.C. App. at 685
 
 ,
 
 587 S.E.2d at 354
 
 . N.C. Gen. Stat. § 1A-1, Rule 60(b) (2016) provides in relevant part that:
 

 (b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) Fraud (whether heretofore denominated intrinsic or extrinsic)[.] ... The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
 

 "The effect of the
 
 Stokley
 
 decision is that whenever the alleged fraud is intrinsic it can only be the subject of a motion under Rule 60(b)(3), and then, of course, it is barred after one year following the judgment."
 
 Textile Fabricators, Inc. v. C.R.C. Industries, Inc
 
 .,
 
 43 N.C. App. 530
 
 , 532,
 
 259 S.E.2d 570
 
 , 572 (1979). In the present case, the factual allegations of plaintiff's complaint allege intrinsic fraud, which is not a claim or cause of action that may be the basis of an independent action, such as that filed by plaintiff. In addition, it is undisputed that plaintiff did not file a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60 seeking relief on the grounds of intrinsic fraud. We conclude that the court
 
 *294
 
 did not err by ruling that plaintiff's complaint based on "fraud upon the court" failed to state a claim upon which relief can be granted.
 
 *247
 
 We have also considered whether the allegations of plaintiff's complaint state a claim for relief under a theory other than intrinsic fraud. Assuming,
 
 arguendo
 
 , that plaintiff's complaint could be construed to adequately state a claim for fraud, we conclude that plaintiff's claim would be barred by the applicable statute of limitations.
 
 N.C. Gen. Stat. § 1-52
 
 (b)(9) (2016) establishes a three year statute of limitations for "relief on the ground of fraud or mistake" and specifies that "the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." "For purposes of N.C.G.S. § 1-52(9), 'discovery' means either actual discovery or when the fraud should have been discovered in the exercise of reasonable diligence under the circumstances."
 
 Forbis v. Neal
 
 ,
 
 361 N.C. 519
 
 , 524,
 
 649 S.E.2d 382
 
 , 386 (2007) (internal quotation omitted).
 

 In the present case, there is no dispute that plaintiff discovered or should have discovered the alleged fraud by, at the latest, October 2010. Plaintiff has attached to her complaint documents establishing,
 
 inter alia
 
 , that on 18 October 2010, she executed a verified statement alleging fraudulent actions on the part of defendants similar to the allegations of her complaint, and that on 27 October 2010, she filed a complaint with the North Carolina Commissioner of Banks alleging that SunTrust Bank had filed fraudulent documents in connection with the foreclosure. Moreover, at the hearing on 15 August 2016, plaintiff informed the court that there "has been ongoing litigation regarding this foreclosure and subject property in the federal courts since November 10th of 2010, before the trustee sales took place on November 15th 2010, and before the trustee's deed was recorded on the public record in February of 2011." Plaintiff's complaint was not filed until 8 July 2016, which is well outside the applicable statute of limitations. As a result, plaintiff's complaint does not state a valid claim for fraud.
 

 We further conclude that plaintiff's complaint cannot be construed as stating a valid claim for equitable relief pursuant to
 
 N.C. Gen. Stat. § 45-21.34
 
 (2016), which allows a party to seek equitable relief enjoining a foreclosure sale "prior to the time that the rights of the parties to the sale or resale becom[e] fixed pursuant to G.S. 45-21.29A [.]"
 
 N.C. Gen. Stat. § 45-21
 
 .29A (2016) in turn provides that if "an upset bid is not filed following a sale, resale, or prior upset bid within the period specified in this Article, the rights of the parties to the sale or resale become fixed."
 
 N.C. Gen. Stat. § 45-21.27
 
 (a) (2016) states that the deposit required in order to file an upset bid "shall be filed with the clerk of the superior court, with whom the report of the sale or the last notice of upset bid was filed by the close of normal business hours on the tenth day after
 
 *248
 
 the filing of the report of the sale or the last notice of upset bid" and that "[w]hen an upset bid is not filed following a sale, resale, or prior upset bid within the time specified, the rights of the parties to the sale or resale become fixed."
 

 In the present case, the parties' rights were fixed by, at the latest, 11 February 2011, when the Trustee's Deed was filed. It is undisputed that plaintiff did not file a motion seeking to enjoin the foreclosure within ten days of the parties' rights becoming fixed. Moreover, at the 15 August 2016 hearing, plaintiff complained to the trial court that "[t]he attorneys here are misrepresenting that I'm trying to get some type of preliminary relief under Chapter 45. That is totally and patently false." We conclude that plaintiff's complaint cannot be construed as stating a valid claim for relief pursuant to
 
 N.C. Gen. Stat. § 45-21.34
 
 .
 

 For the reasons discussed above, we conclude that plaintiff's complaint fails to state a recognized claim for relief. Therefore, we hold that the trial court did not err by dismissing plaintiff's complaint with prejudice, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).
 

 Entry of Order out of County
 

 We next consider plaintiff's argument that the order entered by the trial court on 29 September 2016 was void, on the
 
 *295
 
 grounds that the order was signed "outside the geographical boundaries of Cabarrus County[.]" Plaintiff contends that in order to be valid, the 29 September 2016 order had to "be signed in the County wherein the August 15, 2016 hearing took place." This argument lacks merit.
 

 In support of her position, plaintiff cites
 
 Capital Outdoor Advertising v. City of Raleigh
 
 ,
 
 337 N.C. 150
 
 ,
 
 446 S.E.2d 289
 
 (1994). However,
 
 Capital Outdoor
 
 held that:
 

 We believe the correct rule to be ... [that] Rule 6(c) permits a judge to sign an order out of term [which we interpret to mean both out of the session and out of the trial judge's assigned term] and out of district without the consent of the parties so long as the hearing to which the order relates was held in term and in district.
 

 Capital Outdoor
 
 ,
 
 337 N.C. at 158
 
 ,
 
 446 S.E.2d at 294-95
 
 (internal quotation omitted).
 

 Furthermore, N.C. Gen. Stat. § 1A-1, Rule 58 (2016) provides in relevant part that "consent for the signing and entry of a judgment out of term, session, county, and district shall be deemed to have been given
 
 *249
 
 unless an express objection to such action was made on the record prior to the end of the term or session at which the matter was heard." Plaintiff does not contend that she lodged such an objection during the 15 August 2016 hearing, and our review of the transcript does not reveal an objection. We conclude that this argument lacks merit.
 

 Denial of Plaintiff's Motion for Injunctive Relief
 

 Plaintiff argues that in its order of 29 September 2016, the trial court erred by denying her motion for entry of a temporary restraining order and a preliminary injunction. We conclude that our holding that the trial court did not err by dismissing plaintiff's complaint has rendered moot the propriety of the trial court's ruling on plaintiff's motion for temporary injunctive relief.
 

 "The purpose of a preliminary injunction is ordinarily to preserve the status quo pending trial on the merits. ... Its impact is temporary and lasts no longer than the pendency of the action."
 
 State v. School
 
 ,
 
 299 N.C. 351
 
 , 357-58,
 
 261 S.E.2d 908
 
 , 913 (1980). Similarly, "[a] temporary restraining order 'is only an ancillary remedy for the purpose of preserving the status quo or restoring a status wrongfully disturbed pending the final determination of the action.' "
 
 Beau Rivage Homeowners Ass'n v. Billy Earl, L.L.C
 
 .,
 
 163 N.C. App. 325
 
 , 329,
 
 593 S.E.2d 120
 
 , 123 (2004) (quoting
 
 Hutchins v. Stanton
 
 ,
 
 23 N.C. App. 467
 
 , 469,
 
 209 S.E.2d 348
 
 , 349 (1974) ).
 

 An issue is moot "when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. Black's Law Dictionary 1008 (6th ed. 1990). Courts will not entertain or proceed with a cause merely to determine abstract propositions of law."
 
 Roberts v. Madison Cty. Realtors Ass'n
 
 ,
 
 344 N.C. 394
 
 , 398-99,
 
 474 S.E.2d 783
 
 , 787 (1996) (internal quotation omitted). We have upheld the trial court's dismissal of plaintiff's complaint and, as a result, a determination of whether the trial court should have granted interim relief prior to dismissing the complaint would have no effect on the outcome of the case. We conclude that plaintiff's challenge to the trial court's denial of her motion for entry of a temporary restraining order and a preliminary injunction is mooted by the ultimate dismissal of her complaint and, accordingly, we do not address this issue.
 

 Plaintiff's Motion for Findings and Conclusions
 

 On 12 October 2016, plaintiff filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 52 (2016) asking the trial court to enter findings and conclusions in its 29 September 2016 order. On appeal, plaintiff argues that the court erred by denying this motion in its order of 5 December 2016. We conclude that the trial court did not err by denying plaintiff's motion.
 

 *250
 
 It is long-established that "a trial court cannot make 'findings of fact' conclusive on appeal on a motion to dismiss for failure to state a claim under Rule 12(b)(6)."
 
 White v. White
 
 ,
 
 296 N.C. 661
 
 , 667,
 
 252 S.E.2d 698
 
 , 702 (1979). Moreover, N.C. Gen. Stat. § 1A-1, Rule 52(b) provides in relevant part that "[u]pon motion of a party made
 
 not later
 

 *296
 

 than 10 days after entry of judgment
 
 the court may amend its findings or make additional findings and may amend the judgment accordingly." In this case, the order was entered on 29 September 2016, and plaintiff did not file her motion until 12 October 2016, thirteen days after entry of judgment. Accordingly, the trial court did not err by denying her motion as untimely.
 

 Remaining Issues
 

 We next address the two remaining issues raised in plaintiff's appeal. Plaintiff argues that the trial court "was absent authority" to conduct a hearing in Catawba County on 14 November 2016, on the grounds that this hearing was not held during the session of court and in the county where the hearing of 15 August 2016 was conducted. Plaintiff has failed to articulate a legal argument or to cite authority for the proposition that the trial judge was required to wait until he was once again assigned to Cabarrus County in order to rule on the issues raised by plaintiff's motions.
 
 See
 

 Andrews v. Peters
 
 ,
 
 89 N.C. App. 315
 
 , 317-18,
 
 365 S.E.2d 709
 
 , 711 (1988) (where this Court directed the entry of additional findings on remand, trial court did not have to wait until reassigned to the county in which the original order was entered before complying with this Court's mandate).
 

 Plaintiff also argues that the trial court erred by denying her motion to alter or amend its order of 29 September 2016. Plaintiff's motion argued that the trial court lacked jurisdiction to conduct the hearing on 15 August 2016, and that the court erred by failing to enter findings and conclusions in its 29 September 2016 order and in the substantive rulings made in that order. These issues have been adequately addressed elsewhere in this opinion. Accordingly, we dismiss this argument.
 

 Motion to Dismiss Plaintiff's Appeal in Part
 

 On 21 July 2017, defendants SunTrust Mortgage and SunTrust Bank filed a motion asking this Court to dismiss plaintiff's complaint in part. We have elected to address, as appropriate, the issues raised by plaintiff on appeal. Accordingly, defendants' motion is dismissed as moot.
 

 *251
 

 Conclusion
 

 For the reasons discussed above, we conclude that the trial court did not err by entering the 29 September 2016 order out of county, by dismissing plaintiff's complaint, or by denying plaintiff's motion asking the trial court to "show cause" why the court had jurisdiction. Because we conclude that the trial court did not err by dismissing plaintiff's complaint, we dismiss as moot plaintiff's argument regarding the denial of her motion for a temporary restraining order and preliminary injunction. We further conclude that the trial court did not err by denying plaintiff's motion for entry of findings and conclusions, plaintiff's motion asking the trial court to alter or amend its judgment, or plaintiff's challenge to the trial court's authority to conduct a hearing in Catawba County. In that we have addressed the issues raised in plaintiff's appeal, we dismiss as moot the motion filed by defendants SunTrust Bank and SunTrust Mortgage for dismissal in part of plaintiff's appeal.
 

 AFFIRMED IN PART, DISMISSED AS MOOT IN PART.
 

 Judges DAVIS and BERGER concur.
 

 [1]
 

 Hutchens Law Firm was formerly known as Hutchens, Senter, Kellam & Pettit, P.A., and as Hutchens, Senter & Britton, P.A. In this opinion we refer to the firm as "Hutchens Law Firm."
 

 [2]
 

 The order also included rulings on plaintiff's challenges to allowing defendants' counsel to provide representation. Plaintiff has not presented arguments on these rulings and they are deemed abandoned. N.C. R. App. P. 28(b)(6) (2016) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Accordingly, we do not address these rulings in this opinion.