RAYMOND A. SCOTT AND WIFE, DORIS C. SCOTT, v. FARMERS COOP-
ERATIVE EXCHANGE, INCORPORATED.

(Filed 14 June 1968.)

**1. Judgments § 27—**

To sustain a collateral attack on a judgment for fraud, the complaint must allege facts constituting extrinsic or collateral fraud in the procurement of the judgment and not merely intrinsic fraud arising within the proceeding itself and relating to the merits of the case.

**2. Same—**

In an action to set aside a judgment secured against plaintiffs by defendant in a prior action on the ground that it was obtained through the use of a false statement of account which did not give the plaintiff credit for payments made thereon, demurrer to the complaint is properly sustained since the facts alleged constitute intrinsic fraud and are insufficient to support an independent action to set aside the judgment.

**3. Same—**

> An action to set aside a judgment procured by intrinsic fraud must be by motion in the cause in which the judgment was rendered.

**4. Pleadings §§ 29, 32—**

> Where plaintiff filed without authority of the court an amendment to his complaint relating to damages after defendant had demurred to the complaint and after time for answering the complaint had expired, and plaintiff thereafter filed a motion to amend, a judgment sustaining the demurrer and striking the amended complaint prior to a hearing on plaintiff's motion to amend is not error, since after the time for answering a pleading expires, the pleading may not be amended as a matter of right, but only in the discretion of the court, and since the proposed amendment as to damages would have been of no help as against the demurrer.

**5. Pleadings §§ 26, 29—**

> Where it affirmatively appears from the facts alleged in a pleading that plaintiff has no cause of action against defendant, judgment sustaining defendant's demurrer and dismissing the action is proper.

APPEAL by plaintiffs from *Cowper, J.,* 8 September 1967 Civil Session of WAYNE.

Appeal by plaintiffs from a judgment sustaining a demurrer to their amended complaint, striking their second amended complaint, and dismissing the action. Plaintiffs seek to envoke the equitable jurisdiction of the court to set aside a prior judgment in favor of the present defendant against the same plaintiffs. The judgment was affirmed by this Court in *Cooperative Exchange v. Scott,* 260 N.C. 81, 132 S.E. 2d 161. In that case the Farmers Cooperative Exchange, Inc., brought an action to recover for the sale and delivery of feed and supplies to the present plaintiffs, Raymond A. Scott, doing business under the trade name of Scott Poultry Company, and his wife, Doris C. Scott, under the terms of a special secured feeder account. In the trial of that case the Farmers Cooperative Exchange, Inc., introduced into evidence and relied primarily upon a written memorandum allegedly signed by Raymond A. Scott certifying his indebtedness to the Farmers Cooperative Exchange. In his answer Raymond A. Scott admitted that the Farmers Cooperative Exchange sold to him a considerable amount of merchandise. He alleged that the purchases were made with the understanding that he would sell eggs produced by him to Southeastern Hatcheries, Inc., and that Southeastern would pay the purchase price thereof directly to the Farmers Cooperative Exchange to be credited on his account. He further alleged that the Farmers Cooperative Exchange never furnished him a statement of the account between them, that he never signed the written memorandum as to the indebtedness, and that he had not been given credit for payments made by Southeastern Hatcheries,

Inc., to the Farmers Cooperative Exchange, which exceeded the amount sued upon.

The matter was referred to a referee, and in his report he made specific findings of fact and conclusions of law and reported to the court that Farmers Cooperative Exchange, Inc., was entitled to recover an amount in excess of $25,000 from Doris C. Scott and Raymond A. Scott. The Scotts excepted to the referee's findings of fact and demanded a jury trial, which was held at the August 1962 Session of Wayne County Superior Court. The jury answered the issues in favor of the Farmers Cooperative Exchange, finding specifically that Raymond A. Scott signed and delivered the account stated as alleged in the complaint. Judgment was entered upon the verdict and on appeal no error was found in the trial. *Cooperative Exchange v. Scott, supra.*

In the case at bar Raymond A. Scott and Doris C. Scott are attempting to have the prior judgment set aside on the ground that Farmers Cooperative Exchange, Inc., the present defendant, obtained Raymond A. Scott's signature on the memorandum of account by fraud and misrepresentations. They allege that had all credits been given and over-charges eliminated the special feeder account would have been paid in full. They further allege that the defendant refused to furnish them with a fully itemized statement of account, and that they were unable to have such a statement produced at the trial of the prior action; that after the payment of the judgment in the prior action they learned as a result of investigation that Southeastern Hatcheries, Inc., had in fact sent a number of checks to the defendant for credit on the special feeder account, and that credit was not given thereon. Plaintiffs further allege that the defendant acted with the intent to deceive and defraud, and with knowledge that the payments made by Southeastern Hatcheries, Inc., had not been credited on the special feeder account. Plaintiffs contend that they are without an adequate remedy at law unless the court exercises its equitable jurisdiction and enters a judgment setting aside the judgment in the earlier case.

Plaintiffs' original complaint in the instant action was filed on 3 February 1967. On 7 March 1967 Farmers Cooperative Exchange, Inc., filed a motion to strike certain portions of the complaint, which was allowed by the court, and an amended complaint was filed on 5 June 1967. On 5 July 1967 defendant filed a demurrer to the amended complaint on the grounds that the facts alleged did not constitute a cause of action "in that it appears from the face of the complaint that the plaintiffs seek to have a prior judgment vacated on the grounds of intrinsic fraud, for which an independent action does not

lie." Before a hearing on the demurrer, and without the permission of the court, plaintiffs filed another amended complaint on 9 August 1967. This amended complaint was identical to the first amended complaint, except that it alleged and prayed for compensatory and punitive damages in excess of $7,000,000. The next day, 10 August 1967, plaintiffs filed a motion to amend their complaint. On 28 September 1967 the Honorable Albert W. Cowper, Judge Presiding, after hearing argument of counsel for both parties and having considered the complaint filed 3 February 1967, and the amended complaint filed 5 June 1967, and the demurrer filed 5 July 1967, entered an order sustaining the demurrer to the complaint and amended complaint filed on 5 June 1967 and dismissed the action at the cost of the plaintiffs, stating in the order that "it further appearing to the court that the plaintiffs filed a motion to amend the complaint on 9 *(sic)* August 1967, upon which there has been no hearing and that the plaintiff filed a purported amendment to the complaint on 9 August 1967, without authority of the court, and that said amended complaint should be stricken." Plaintiffs appealed.

*Turner and Harrison by Fred W. Harrison; James R. Nance; E. C. Thompson, III; Robert L. West for plaintiff appellants.*

*Dees, Dees, Smith & Powell by William L. Powell, Jr., for defendant appellee.*

PARKER, C.J. Plaintiffs assign as error the court's judgment sustaining the demurrer and striking the amended complaint.

In essence, plaintiffs have alleged that the judgment secured against them by the present defendant in the prior action was obtained through the use of a false statement of account which did not give the plaintiffs credit for payments made thereon. This allegation relates to the merits of the previous cause of action between the same parties. It is well settled in this and the vast majority of jurisdictions that in order to sustain a collateral attack on a judgment for fraud it is necessary that the allegations of the complaint set forth facts constituting extrinsic or collateral fraud in the procurement of the judgment, and not merely intrinsic fraud, that is, arising within the proceeding itself and concerning some matter necessarily under the consideration of the court upon the merits. *Johnson v. Stevenson,* 269 N.C. 200, 152 S.E. 2d 214; *Miller v. Bank,* 234 N.C. 309, 67 S.E. 2d 362; *Horne v. Edwards,* 215 N.C. 622, 3 S.E. 2d 1; *McCoy v. Justice,* 199 N.C. 602, 155 S.E. 452; *Mottu v. Davis,* 153 N.C. 160, 69 S.E. 63; *United States v. Throckmorton,* 98 U.S. 61, 25 L. Ed. 93.

In *McCoy v. Justice, supra,* the Court quoted with approval from Freeman on Judgments, § 1233 (5th Ed.):

"It must be borne in mind that it is not fraud in the cause of action, but fraud in its management, which entitles a party to relief. The fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment. If the cause of action is vitiated by fraud, this is a defense which must be interposed, and unless its interposition is prevented by fraud, it cannot be asserted against the judgment; 'for judgments are impeachable for those frauds only which are extrinsic to the merits of the case, and by which the Court has been imposed upon or misled into a false judgment. They are not impeachable for frauds relating to the merits between the parties. All mistakes and errors must be corrected from within by a motion for a new trial, or to reopen the judgment, or by appeal.' The fraud must be in some manner other than the issue in controversy in the action. The rule that fraud, to be a ground for relief, must be extrinsic or collateral to the matter tried in the first action, is almost universally acquiesced in. It is merely an application of the general principle that equity will not interfere simply to give a second opportunity to relitigate that which has already been fully litigated."

The reason for this rule is expressed in the maxim *interest reipublicæ ut sit finis litium;* that there should be an end of litigation for the repose of society. The Court said in *Horne v. Edwards, supra:*

". . . This demand of public policy yields to the ends of justice where extrinsic fraud has been practiced only because it is the main characteristic of such fraud that it deprives the party of the opportunity of presenting his case, or his defense, upon the hearing, and renders the result as to him no trial at all in the legal sense. *United States v. Throckmorton, supra; McCoy v. Justice, supra.* Intrinsic fraud, as for example, perjury, or the use of false or manufactured evidence, has no such effect."

In *Pico v. Cohn,* 91 Cal. 129, 25 P. 970, cited with approval in *McCoy v. Justice, supra,* and *Horne v. Edwards, supra,* the Court said:

". . . (I)t must be a fraud extrinsic or collateral to the questions examined and determined in the action. And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of this rule is that there must be an end of litigation. . . . (W)hen he has a trial he must be prepared to meet and expose perjury then and there."

SCOTT v. COOPERATIVE EXCHANGE.

The facts alleged in the case at bar, if true, fall within the classification of intrinsic fraud, and are not sufficient grounds for equitable relief against the prior judgment in an independent action. An action for intrinsic fraud must be by motion in the cause in which the judgment was rendered. *Johnson v. Stevenson, supra; Miller v. Bank, supra; Horne v. Edwards, supra; McCoy v. Justice, supra.* The plaintiffs are attempting to litigate again a matter which has been tried on the merits in the Superior Court, and heard on appeal by this Court. The fraud which they allege concerns the very instrument which was sued on in the prior action. In *Thomason v. Thompson* (Ga.), 26 L.R.A. (N.S.) 536, quoted with approval in *McCoy v. Justice, supra,* it is said:

"To set aside a verdict and judgment for fraud, where the particular fraud was in issue, because of the discovery of additional evidence to prove it, would deprive a judicial finality — a judgment — of its inherent and distinguishing characteristic."

Appellants also assign as error the court's entering a judgment sustaining the demurrer prior to a hearing on their motion to amend their complaint. The record indicates that the demurrer was filed over a month prior to the filing of plaintiffs' motion to amend the complaint. Plaintiffs filed their amended complaint without obtaining leave of the court and prior to filing their motion to amend. The record indicates that the amended complaint was filed on 9 August 1967, and that a motion to amend was filed on 10 August 1967. This Court has repeatedly held that after the time allowed for answering a pleading has expired, as in this instance, such pleading may not be amended as a matter of right, but only in the discretion of the court. *Vending Co. v. Turner,* 267 N.C. 576, 148 S.E. 2d 531, and cases cited therein. Be that as it may, the proposed amendment related only to the amount of damages, and would have been of no help to plaintiffs as against the demurrer.

The judgment sustaining the demurrer also dismissed the action. This was correct, since it appeared affirmatively from the facts alleged that the plaintiffs had no cause of action against the defendant which would envoke the equitable jurisdiction of the court. *Perrell v. Service Co.,* 248 N.C. 153, 102 S.E. 2d 785; *Adams v. College,* 247 N.C. 648, 101 S.E. 2d 809. Equity will not interfere simply to give a second opportunity to relitigate that which has already been fully litigated. *McCoy v. Justice, supra.*

The judgment sustaining the demurrer and dismissing the action is

Affirmed.