CASWELL REALTY ASSOCIATES I v. ANDREWS CO.

[121 N.C. App. 483 (1996)]

---

CASWELL REALTY ASSOCIATES I, L.P., PLAINTIFF v. ANDREWS COMPANY, INC., F/K/A HILLS FOODS STORES, INC. AND NASH-FINCH COMPANY, INC., DEFENDANTS

No. COA95-295

(Filed 6 February 1996)

**Judgments § 521 (NCI4th)— intrinsic fraud—independent action inappropriate—Rule 60(b) motion withdrawn—summary judgment for defendant proper**

Where plaintiff alleged that each defendant engaged in fraudulent misconduct to procure settlement in a previous action, the fraud of which plaintiff complained was intrinsic fraud and could not be pursued through an independent action, and plaintiff withdrew its Rule 60(b) motion and allowed the time in which to renew its motion to expire; therefore, plaintiff's claims against defendants fail as a matter of law.

**Am Jur 2d, Fraud and Deceit §§ 400, 404, 416; Limitation of Actions § 76.**

**Estoppel as to reliance on statute of limitations. 33 ALR3d 1077.**

Appeal by plaintiff from judgment entered 14 December 1994 by Judge James D. Llewellyn in Brunswick County Superior Court. Heard in the Court of Appeals 6 December 1995.

*Shipman & Lea, by Gary K. Shipman, for plaintiff appellant.*

*Marshall, Williams & Gorham, L.L.P., by Lonnie B. Williams, for defendant appellee Andrews Company, Inc.*

*Maupin Taylor Ellis & Adams, P.A., by Gilbert C. Laite III, for defendant appellee Nash-Finch Company, Inc.*

SMITH, Judge.

Plaintiff, Caswell Realty Associates, filed a civil action against defendant, Andrews Company, Inc. (Andrews) on 15 January 1991. The parties settled that suit. A notice of voluntary dismissal with prejudice was filed on 12 January 1994. On 3 March 1994, plaintiff filed a Rule 60(b) motion for relief from the settlement and stipulation of dismissal, alleging that the settlement had been procured by defendant Andrews' fraudulent conduct.

The motion for relief from dismissal was scheduled for hearing on 25 July 1994. That morning, prior to the hearing, plaintiff withdrew the Rule 60(b) motion and filed the instant independent action against defendant Andrews and defendant Nash-Finch, under an alterego theory. At the hearing, defendant Andrews objected to plaintiff's withdrawal of the motion. Based upon that objection the judge heard arguments and, with the consent of plaintiff, entered an order stating that the withdrawal of the Rule 60(b) motion was with prejudice.

Defendants then moved to dismiss this independent action. The court considered matters outside the pleadings and on 14 December 1994 entered summary judgment for defendants on all claims. From that judgment plaintiff appeals, alleging that there were genuine issues of material fact to be decided in this independent action. After review of the record, we disagree and affirm.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The burden is upon the moving party to establish that no genuine issue of material fact exists. All evidence is viewed in the light most favorable to the non-moving party. *Boudreau v. Baughman*, 322 N.C. 331, 368 S.E.2d 849 (1988).

Plaintiff argues that it filed a valid independent action against the original settlement and that there were genuine issues of fact to be decided with regard to this action. After review of the record, we conclude that plaintiff's independent action was not proper and was correctly dismissed by summary judgment.

Plaintiff initially attempted to attack settlement of the prior action through Rule 60(b)(3), which provides:

(b) . . . On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \* \*

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

N.C. Gen. Stat. § 1A-1, Rule 60(b). Prior to hearing, plaintiff withdrew the motion and filed this independent action attacking the settlement collaterally. At the hearing, which was scheduled to take place on the same day that plaintiff withdrew the motion, the trial judge, with consent of plaintiff, ordered that withdrawal of the motion was with prejudice, such that plaintiff could not bring another 60(b) motion concerning the prior settlement.

Parenthetically, we note plaintiff now argues that, after the 60(b) motion was withdrawn, the trial court was without jurisdiction to enter any further order with regard to the motion, including the order that the withdrawal was with prejudice. However, we need not address this argument for two reasons. First, even if the trial court was without jurisdiction to order the withdrawal with prejudice, plaintiff cannot now file another 60(b) motion. Rule 60 provides that an attack against judgment on the basis of fraud must be brought within one year after judgment. N.C. Gen. Stat. § 1A-1, Rule 60; *Fabricators, Inc. v. Industries, Inc.*, 43 N.C. App. 530, 259 S.E.2d 570 (1979). In the prior case withdrawal of the motion occurred on 25 July 1994. Plaintiff's opportunity ·to attack the settlement in the prior action *via* Rule 60 has now expired. Second, and more importantly, that issue is not before us. The assignments of error in the instant case do not address the 60(b) withdrawal. Any error made with regard to the 60(b) motion in the prior case is not before this Court as the withdrawal in that case has not been appealed.

Defendants argue that plaintiff may not maintain an independent action against the prior settlement, and we agree. Rule 60(b)(3) is available to provide relief from a judgment procured by fraud, whether intrinsic or extrinsic. Furthermore, Rule 60 provides:

This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment, order, or pro-

ceeding shall be by motion as prescribed in these rules or by an independent action.

It is well settled in this jurisdiction "that in order to sustain a collateral attack on a judgment for fraud it is necessary that the allegations of the complaint set forth facts constituting extrinsic or collateral fraud in the procurement of the judgment, and not merely intrinsic fraud, that is, arising within the proceeding itself and concerning some matter necessarily under the consideration of the court upon the merits." *Scott v. Cooperative Exchange*, 274 N.C. 179, 182, 161 S.E.2d 473, 476 (1968) (citations omitted).

This Court has held:

> Fraud is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. If an unsuccessful party to an action has been prevented from fully participating therein there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court.

*Stokley v. Stokley*, 30 N.C. App. 351, 354-55, 227 S.E.2d 131, 134 (1976). In this case, plaintiff had full opportunity to present its case to the court. The fraud of which plaintiff complains allegedly took place during settlement negotiations between the parties and is intrinsic. Plaintiff may not attack such alleged fraud through an independent action. Plaintiff's proper course of action would have been to pursue its 60(b) motion. However, plaintiff withdrew that motion and is now barred from filing it again.

As an alternative to setting aside the settlement and stipulation of dismissal, plaintiff seeks damages premised upon fraud, negligent misrepresentation and unfair and deceptive trade practices. Because the prior settlement cannot be attacked collaterally through this independent action, it is still wholly in effect. It is settled in this and most other jurisdictions that plaintiff cannot recover damages for fraud "unless and until the judgment denying him the right to recover [is] vacated." *Gillikin v. Springle*, 254 N.C. 240, 244, 118 S.E.2d 611, 614 (1961). Thus, plaintiff's claim for damages in this case fails.

CASWELL REALTY ASSOCIATES I v. ANDREWS CO.

[121 N.C. App. 483 (1996)]

Plaintiff's final claim for relief in this independent action is against defendant Nash-Finch. Plaintiff alleges that Nash-Finch, as the principal creditor of defendant Andrews, completely dominated and controlled defendant Andrews and that the alleged negligent misrepresentations and fraud were perpetrated through such control. However, plaintiff may not maintain an independent action or renew its 60(b) motion for relief from settlement and stipulation of dismissal against Nash-Finch, for the same reasons it may not maintain such action against defendant Andrews. Therefore, summary judgment was also proper as to defendant Nash-Finch.

In addition, we note that, at the hearing on the Rule 60(b) motion, defendants offered affidavits from the attorney representing Andrews during settlement negotiations as well as verified accounting statements representing Andrews' assets at the time of settlement. Those affidavits refute plaintiff's allegations of fraud. The 60(b) file was received in evidence at the summary judgment hearing. Plaintiff offered no contrary evidence at the Rule 60(b) or summary judgment hearings. Summary judgment would have been proper based upon the unopposed affidavits alone. These affidavits show there was no genuine issue of fact before the trial court.

In summary, plaintiff has alleged that each defendant engaged in fraudulent misconduct to procure settlement in the previous action. The fraud of which plaintiff complains is intrinsic fraud and may not be pursued through an independent action. Plaintiff withdrew its Rule 60(b) motion and has allowed the time in which to renew its motion to expire. Plaintiff's alternative claims against defendants are not grounds to set aside the settlement and would, therefore, only be a means to seek recovery of damages resulting from the alleged fraud. However, damages are not recoverable until a dismissal has been set aside. Plaintiff's claims against defendants fail as a matter of law. Therefore, summary judgment in this independent action was proper.

For the reasons stated herein, the judgment of the trial court is

Affirmed.

Judges JOHNSON and WALKER concur.