IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-168

No. COA20-916

Filed 15 March 2022

Wake County, No. 19CVD12265

UNIFUND CCR PARTNERS, Plaintiff,

v.

DELORES L. YOUNG, Defendant.

Appeal by Defendant from order entered 19 October 2020 by Judge Ned Mangum in Wake County District Court. Heard in the Court of Appeals 19 October 2021.

*Sessoms & Rogers, P.A., by Andrew E. Hoke, for Plaintiff-Appellee.*

*J. Jerome Hartzell for Defendant-Appellant.*

COLLINS, Judge.

¶ 1    Defendant Delores L. Young appeals the trial court's order granting summary judgment to Plaintiff Unifund CCR Partners on Plaintiff's 2019 action to renew a default judgment entered in 2010 against Defendant. Defendant argues that the default judgment is void because it was procured by fraud and the clerk lacked jurisdiction to enter the default judgment for various reasons. Defendant also argues that Plaintiff's interest rates on Defendant's debt violate North Carolina law.

¶ 2    We affirm the trial court's order.

## I.    Factual and Procedural Background

The facts are not in dispute.    Defendant entered into a written credit agreement with Citibank (South Dakota), N.A., establishing a credit card account. Defendant failed to make the required payments.    On 1 February 2008, Citibank "charged off" the outstanding balance on Defendant's account as bad debt, and sold the account to Plaintiff.

Plaintiff commenced a civil action against Defendant by filing an unverified complaint, dated on or about 31 August 2009, in Wake County District Court.[1] Plaintiff attached a copy of the Citibank credit card agreement to the complaint. Plaintiff served the complaint and summons on Defendant on or about 23 October 2009, alleging in part:

> 6.    Pursuant to the terms and provisions of the note or credit agreement, the defendant is lawfully indebted to the plaintiff in the principal sum of $10,500.69 together with interest thereon at the contract rate of 23.99% per annum. Said sum has been outstanding since February 1, 2008.
>
> 7.    The credit agreement between the parties contains provisions for the payment of attorneys fees in the event of default.    The balance outstanding is currently $14,413.95. Pursuant to the provisions of [N.C. Gen. Stat.] § 6-21.2, the plaintiff hereby gives notice to the defendant that it intends to enforce those provisions of the credit agreement calling for the payment of attorneys fees. . . .

---

[1] The file stamp on Plaintiff's complaint is illegible, rendering it difficult to determine when the action was instituted.    The date given on the signature page of the complaint is 21 August 2009.    The 2010 Default Judgment states that "Plaintiff instituted this action against the defendant on August 31, 2009."

WHEREFORE, the plaintiff prays the court as follows:

1. That the plaintiff have and recover from the defendant the sum of $10,500.69.

2. That the plaintiff further have and recover from said defendant interest on said sum at the contract rate of 23.99% per annum from February 1, 2008 to the date of judgment, and at the rate of 8% per annum thereafter until paid.

3. That the plaintiff further have and recover from said defendant its reasonable attorneys fees in the sum of $2,162.09 which sum is fifteen (15%) percent of $14,413.95, the current balance outstanding, pursuant to [N.C. Gen. Stat.] § 6-21.2.

After Defendant failed to file an answer or any other pleading, or appear in court, Plaintiff filed a motion on 17 February 2010 for entry of default and default judgment. The motion was accompanied by an affidavit from Plaintiff's attorney, stating, "[m]ore than thirty (30) days have passed since service was had upon [D]efendant, and the time allowed for the [D]efendant to respond to the complaint has expired," and that "[D]efendant is indebted to the [P]laintiff herein in the principal sum of $10,500.69, together with interest thereon on the contract rate of 23.99% per annum from and after February 1, 2008, and the costs of this action." The motion was also accompanied by an affidavit from Steve Ballman, Plaintiff's "duly authorized representative," stating:

He is familiar with the books and records of Unifund CCR

Partners, and particularly with the account of Delores L. Young, . . . the Defendant in this action, and is cognizant of the facts constituting and underlying this cause of action.

The Defendant entered into a promissory note or written credit agreement with Citibank (South Dakota), N.A.[] The Plaintiff is the assignee of the account referred to herein. A true and accurate copy of the terms of the promissory note or account agreement between the parties was attached to the Complaint filed herein. The Defendant is in default under the terms thereof for failure to make the required payments. As a result of the Defendant's default, [Plaintiff] has declared the entire outstanding balance due and payable.

. . . .

[Defendant] is currently indebted to [Plaintiff] in the principal sum of $10,500.69, together with interest thereon at the rate of 23.99% per annum from and after February 1, 2008, reasonable attorneys fees, and costs.

¶ 6        On 25 February 2010, the assistant clerk of superior court ("clerk") entered default and judgment by default ("2010 Default Judgment") against Defendant. *See* N.C. Gen. Stat. § 1A-1, Rule 55(a)-(b) (2009). In the 2010 Default Judgment, the clerk found that "the time allowed for [D]efendant to respond to the complaint has expired" and that the action was "for a sum certain or a sum which can by computation be made certain," and ordered recovery for Plaintiff of the principal sum of $10,500.69 plus interest at a rate of 23.99% per annum calculated to the date of entry of the judgment, and interest accrued at 8% per annum after the date of entry of the

judgment until paid. Costs of the action were also awarded to Plaintiff.[2]

¶ 7        On 5 September 2019, Plaintiff filed an unverified complaint in Wake County District Court ("2019 Action") seeking to renew the 2010 Default Judgment. The complaint alleged that Plaintiff had obtained a default judgment against Defendant on 25 February 2010 and that no payments had been received since entry of that judgment. Plaintiff attached to the complaint the 2010 Default Judgment and an affidavit signed by counsel, swearing to the remaining balance.

¶ 8        Defendant filed an amended answer on 13 August 2020 wherein she did not challenge the existence of the underlying debt or the 2010 Default Judgment, but stated that she "does not know whether payments have been made" on that debt since entry of the 2010 Default Judgment. She further alleged in her answer that the 2010 Default Judgment was "not a proper basis for a new judgment," based on various legal theories.

¶ 9        Plaintiff filed a motion for summary judgment and a memorandum of law in support of its motion. Defendant filed a brief in opposition to Plaintiff's motion for summary judgment and in support of summary judgment in her favor. On 19 October 2020, the trial court held a hearing and entered an order granting Plaintiff summary judgment and denying Defendant summary judgment ("2020 Order").

---

[2] It is not clear from the 2010 Default Judgment whether Plaintiff was awarded attorneys' fees. Neither party raises an issue in this appeal regarding attorneys' fees.

Defendant timely appealed to this Court.

## II.    Discussion

### A.  Standard of Review and Legal Background

¶ 10    Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."  N.C. Gen. Stat. § 1A-1, Rule 56(c) (2019).  The court must consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Caswell Realty Assocs. v. Andrews Co.*, 121 N.C. App. 483, 484, 466 S.E.2d 310, 311 (1996).  The burden is on the moving party to show that the non-moving party has failed to establish the existence of an element essential to that party's case, such that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law.  *Leiber v. Arboretum Joint Venture, LLC*, 208 N.C. App. 336, 344, 702 S.E.2d 805, 810 (2010).

¶ 11    An order granting summary judgment is reviewed de novo on appeal.  *Unifund CCR Partners v. Loggins*, 270 N.C. App. 805, 808, 841 S.E.2d 835, 838 (2020).  Likewise, whether a trial court has subject matter jurisdiction to enter judgment is a question of law, reviewed de novo on appeal.  *Id.* at 808, 841 S.E.2d at 837-38.

¶ 12    "A challenge to jurisdiction may be made at any time."  *Hart v. Thomasville*

*Motors, Inc.*, 244 N.C. 84, 90, 92 S.E.2d 673, 678 (1956) (citation omitted). "A judgment is void, when there is a want of jurisdiction by the court . . . ." *Id.* (citation omitted). A void judgment "is a nullity [and i]t may be attacked collaterally at any time [because] legal rights do not flow from it." *Cunningham v. Brigman*, 263 N.C. 208, 211, 139 S.E.2d 353, 355 (1964).

¶ 13        The owner of a judgment may obtain a new judgment to collect any unpaid amount due on the prior judgment by bringing "an independent action on the prior judgment, which . . . must be commenced and prosecuted as in the case of any other civil action brought to recover judgment on a debt." *Raccoon Valley Inv. Co. v. Toler*, 32 N.C. App. 461, 463, 232 S.E.2d 717, 718 (1977) (citation omitted). An independent action seeking to renew a judgment must be brought within ten years of entry of the original judgment, and such renewal action can be brought only once. N.C. Gen. Stat. § 1-47(1) (2019). In an action to renew a judgment, a plaintiff should allege the existence of a prior judgment against the defendant; the fact that full payment on the judgment has not been made; and an accounting of the unpaid balance due and any applicable interest. *See Raccoon Valley*, 32 N.C. App. at 463-64, 232 S.E.2d at 718-19.

**B. Procurement by Fraud**

¶ 14        Defendant first argues that the 2010 Default Judgment could not be the basis of the 2019 Action because the 2010 Default Judgment was "procured by fraud." Defendant's specific argument is that Plaintiff's submission of "in-house" affidavits,

those signed by a Unifund representative to support its claim on the acquired Citibank credit card account and its amount, contravenes this Court's unpublished decision in *Unifund CCR Partners v. Dover*, 198 N.C. App. 406, 681 S.E.2d 565 (2009) (unpublished). Defendant's argument is misplaced.

¶ 15 First, *Dover* involved the sufficiency of the evidence of an "account stated" in an action to collect an amount of money allegedly owed to plaintiff, and its analysis is inapplicable to the case before us. Additionally, although Defendant labels this argument as a "fraud" defense, Defendant's argument is instead an objection to the admissibility and sufficiency of the evidence at the 2010 Default Judgment proceedings. Moreover, even if we construe Defendant's collateral attack on the 2010 Default Judgment as a Rule 60(b) motion for relief from judgment on the basis that the judgment was procured by fraud, the attack is time-barred under Rule 60(b)(3). *See* N.C. Gen. Stat. § 1A-1, Rule 60(b) (2019).

¶ 16 The process by which a party may seek relief from "a judgment in a prior judicial proceeding that allegedly was tainted by fraud, depends upon whether the fraud at issue is extrinsic or intrinsic." *Hooks v. Eckman*, 159 N.C. App. 681, 684, 587 S.E.2d 352, 354 (2003). Fraud is extrinsic when it deprives the unsuccessful party of the opportunity to present their case to the court, thus preventing a court from making a judgment on the merits of a case. *Id.* (citing *Stokley v. Stokley*, 30 N.C. App. 351, 354-55, 227 S.E.2d 131, 134 (1976)). "If an unsuccessful party to an action

has been prevented from fully participating therein, there has been no true adversary proceeding, and the judgment is open to attack at any time." *Stokley*, 30 N.C. App. at 354, 227 S.E.2d at 134; *cf.* N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (directing that motions for relief from a void judgment must be made within a "reasonable time," but that "[t]his rule does not limit the power of a court to entertain an independent action . . . to set aside a judgment for fraud upon the court").

¶ 17 Intrinsic fraud occurs "within the proceeding itself and concern[s] some matter necessarily under the consideration of the court upon the merits." *Scott v. Farmers Co-op. Exch., Inc.*, 274 N.C. 179, 182, 161 S.E.2d 473, 476 (1968). Unlike extrinsic fraud, intrinsic fraud does not prevent a party from full participation in the action. *Stokley*, 30 N.C. App. at 354, 227 S.E.2d at 134. When the alleged fraud complained of is intrinsic, it can only be the subject of a motion under N.C. Gen. Stat. § 1A-1, Rule 60(b)(3) and must be filed within one year of entry of the judgment. *Hooks*, 159 N.C. App. at 685, 587 S.E.2d at 354 (citing N.C. Gen. Stat. § 1A-1, Rule 60(b)(3) (2001)); *Stokley*, 30 N.C. App. at 355, 227 S.E.2d at 134.

¶ 18 Here, Defendant does not allege that she was deprived of the opportunity to present her case to the court. Instead, the alleged submission of inadmissible materials to the trial court concerns a matter "involved in the determination of a cause on its merits" and would constitute intrinsic fraud. *See Hooks*, 159 N.C. App. at 684, 587 S.E.2d at 354. As Defendant's attack on the 2010 Default Judgement

alleging fraud was filed more than nine years after entry of the judgment, it is time-barred.

**C. Applicability of the Consumer Economic Protection Act**

¶ 19        Defendant next argues that Plaintiff was not entitled to summary judgment because Plaintiff's "underlying judgment failed to comply with N.C. Gen. Stat. § 58-70-155."

¶ 20        The Consumer Economic Protection Act of 2009, N.C. S.L. 2009-573, § 8 (2009), amended Article 70 of Chapter 58 of the General Statutes by adding N.C. Gen. Stat. § 58-70-155 (the "Act"). The Act states, "Prior to entry of a default judgment or summary judgment against a debtor in a complaint initiated by a debt buyer, the plaintiff shall file evidence with the court to establish the amount and nature of the debt." N.C. Gen. Stat. § 58-70-155(a) (2009). The statute specifies the type of evidence required. N.C. Gen. Stat. § 58-70-155(b) (2009). The Act specifically provides: "This act becomes effective October 1, 2009, and applies to foreclosures initiated, debt collection activities undertaken, and actions filed on or after that date." N.C. S.L. 2009-573, § 11. It is undisputed that Plaintiff's 2009 action was filed prior to 1 October 2009, on or about 31 August 2009. Accordingly, the Act did not apply to that action.

¶ 21        Defendant points out that although Plaintiff's complaint was filed prior to 1 October 2009, Plaintiff filed its motion for default judgment in February 2010. As

the motion for default judgment was a "debt collection activity" within the meaning of the Act, Defendant argues, the Act applied. We disagree.

¶ 22 The plain language of the statute provides that the Act applies to "actions filed" on or after 1 October 2009. Plaintiff's motion for default judgment was part of prosecuting its "action[] filed" and was not a "debt collection activity" within the meaning of the Act.

¶ 23 Defendant likewise argues that Plaintiff was required to comply with the pleading requirements of the Act in its 2019 Action. However,

> [o]nce a judgment is entered, other evidence of indebtedness is extinguished by the higher evidence of record. Essentially, the judgment merges the debt upon which it was rendered. When this merger occurs, the judgment becomes the evidence, and the only evidence that can be used in a court, of the existence of the original debt.
>
> Additionally, any cause of action on a judgment is independent from the action that resulted in a judgment, and a new suit must be filed. An independent action must be brought to recover judgment on a debt. Thus, the same procedure of issuing a summons, filing of complaint, serving the complaint must be performed to recover on a judgment debt.

*Unifund CCR Partners v. Hoke*, 273 N.C. App. 401, 404-05, 848 S.E.2d 508, 510 (2020), *disc. review denied*, 379 N.C. 161, 863 S.E.2d 612 (2021) (quotation marks and citations omitted).

¶ 24 Here, the 2019 Action on the 2010 Default Judgment "is a new, distinct action."

*Id.* "Because the original debt has merged into the judgment, this is not an action on a purchased credit account, but rather, an action on a judgment." *Id.* Thus, "the present action does not implicate the heightened pleading requirements set forth" in the Act. *Id.* at 405, 848 S.E.2d at 510-11.

### D. Sum Certain

Defendant next argues that the clerk lacked subject matter jurisdiction to enter the underlying 2010 Default Judgment because Plaintiff's claim was not for a sum certain and thus, the 2010 Default Judgment is void.

The clerk shall enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise[.]" N.C. Gen. Stat. § 1A-1, Rule 55(a) (2009). After the clerk's entry of default, and "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant[.]" *Id.* § 1A-1, Rule 55(b)(1) (2009). "A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to determine or compute the sum certain." *Id.* "Absent a certain dollar amount, the default judgment must be entered by a judge who may conduct a hearing to adequately determine damages." *Basnight*

*Constr. Co. v. Peters & White Constr. Co.*, 169 N.C. App. 619, 622, 610 S.E.2d 469, 471 (2005) (citing N.C. Gen. Stat. § 1A-1, Rule 55(b)(2) (2003)). If the clerk lacked the authority to enter a default judgment because the claim was not for a sum certain, the judgment is void as a matter of law. *Id.* at 624, 610 S.E.2d at 472.

¶ 27 In this case, Plaintiff's 2009 unverified complaint alleged that Defendant was lawfully indebted to Plaintiff for the principal sum of $10,500.69 together with interest at a contract rate of 23.99% per annum, that the unpaid amount had been outstanding since 1 February 2008, and that Plaintiff was entitled to calculable attorneys' fees and costs under N.C. Gen. Stat. § 6-21.2. Plaintiff attached the Citibank credit card agreement to the complaint.

¶ 28 Defendant failed to file an answer or any other pleading, and failed to appear in court. That fact was made to appear by Plaintiff's attorney's affidavit and motion for entry of default. *See* N.C. Gen. Stat. § 1A-1, Rule 55(a). The clerk entered default.

¶ 29 Upon Plaintiff's motion for default judgment and Unifund representative Ballman's affidavit wherein he averred that the amount due is "$10,500.69, together with interest thereon at the rate of 23.99% per annum from and after February 1, 2008, reasonable attorneys fees, and costs," the clerk entered judgment for that amount against Defendant. *See id.* § 1A-1, Rule 55(b)(1). As Plaintiff's claim was for a sum certain, the clerk had the authority to enter the 2010 Default Judgment, and the judgment is not void. *See Loggins*, 270 N.C. App. at 811-12, 841 S.E.2d at 839-40

(concluding the clerk had authority to enter default judgment in a case presenting the same issue with nearly identical facts).

¶ 30        Defendant argues that *Loggins* does not control because in that case the parties did not raise, and this Court did not address, N.C. Gen. Stat. § 1A-1, Rule 8(d) (2009), which Defendant argues is the "controlling statute" on questions of default judgment. But as Rule 8(d) was not relevant to the analysis in *Loggins* or in this case, Defendant's argument is inapposite.

¶ 31        "When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment . . . and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default." N.C. Gen. Stat. § 1A-1, Rule 55(a). Pursuant to N.C. Gen. Stat. § 1A-1, Rule 8(d), "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." N.C. Gen. Stat. § 1A-1, Rule 8(d).

¶ 32        Upon entry of default, "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant." N.C. Gen. Stat. § 1A-1, Rule 55(b)(1). "A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to determine or compute the sum certain." *Id.*

¶ 33    Accordingly, after entry of default, a sum certain or sum which can by computation be made certain must be proven by affidavit or verified pleading and the limitations of Rule 8(d) regarding the admission of damages were not relevant to the analysis in *Loggins* or in the present case.

¶ 34    Defendant also cites cases from other jurisdictions to support an argument that credit card debt is of such a complex, incalculable nature that it can never constitute a sum certain. That argument is contrary to the plain language of our statutes and *Loggins*, and lacks merit.

¶ 35    As Plaintiff's claim was for a sum certain, the clerk had authority to enter the 2010 Default Judgment, and thus, the judgment was not void. *See Loggins*, 270 N.C. App. at 812, 841 S.E.2d at 840. Defendant's argument is overruled.

**E.  Usury**

¶ 36    Finally, Defendant argues that the 23.99% interest rate charged on Defendant's debt between 2008 and 2010 violates N.C. Gen. Stat. § 24-1 (2009). Defendant argues that because 23.99% interest is well-above the legal rate of 8% interest per annum, both the 2010 Default Judgment and the 2020 Order are barred under North Carolina law.

¶ 37    "[U]sury is an affirmative defense and must be pleaded." *Wallace Men's Wear, Inc. v. Harris*, 28 N.C. App. 153, 156, 220 S.E.2d 390, 392 (1975) (citing N.C. Gen. Stat. § 1A-1, Rule 8(c)). "When not raised by the pleading the issue may still be tried

if raised by the express or implied consent of the parties at trial." *Id.* (citing N.C. Gen. Stat. § 1A-1, Rule 15(b)). Here, Defendant did not attack the 23.99% interest rate prior to entry of the 2010 Default Judgment on 25 February 2010. As Defendant failed to raise the defense of usury to the 2010 Default Judgment in a timely manner, "[D]efendant cannot now present this defense before this Court." *Id.* (citing *Grissett v. Ward*, 10 N.C. App. 685, 179 S.E.2d 867 (1971)).

¶ 38        Likewise, Defendant cannot attack the 2020 Order, which renewed the 2010 Default Judgment.

¶ 39        An action on a judgment is an established means by which the owner of a judgment may obtain a new judgment to collect any unpaid amount due on the prior judgment. *Raccoon Valley*, 32 N.C. App. at 463, 232 S.E.2d at 718. To file an action on a judgment, the plaintiff need allege only "the existence of a prior judgment against the defendant, the fact that full payment on the judgment has not been made, and an accounting of the unpaid balance due and any applicable interest." *Loggins*, 270 N.C. App. at 809, 841 S.E.2d at 838.

> Once a judgment is entered, other evidence of indebtedness is extinguished by the higher evidence of record. Essentially, the judgment merges the debt upon which it was rendered. When this merger occurs, the judgment becomes the evidence, and the only evidence that can be used in a court, of the existence of the original debt.

*Hoke*, 273 N.C. App. at 404, 848 S.E.2d at 510 (quotation marks and citations

omitted).

¶ 40        Accordingly, when the clerk entered the 2010 Default Judgment, that judgment became the *only evidence of the existing debt*. Under *Hoke*, the outstanding debt plus 23.99% interest was settled by the 2010 Default Judgment and is now the debt of record. The 2019 Action simply renewed the existing judgment declaring that Plaintiff is entitled to that established amount.[3] We conclude that Defendant cannot assert usury as an affirmative defense to the 2019 Action on a judgment.

### III.    Conclusion

¶ 41        For the reasons set forth herein, the clerk had jurisdiction to enter the 2010 Default Judgment and the 2010 Default Judgment was not void. Further, Defendant's "fraud" argument is time-barred and her usury arguments are without merit. Plaintiff was entitled to judgment as a matter of law in its 2019 Action to renew its 2010 Default Judgment. We affirm the trial court's 2020 Order granting summary judgment to Plaintiff.

AFFIRMED.

Judges ZACHARY and MURPHY concur.

---

[3] The additional 8% interest per annum charged on the existing debt, which covers the debt accrued from 2010-2019, has not been challenged by Defendant, and cannot be challenged, as 8% is the legal rate under N.C. Gen. Stat. § 24-1 (2019).